## JOHN P. TARBELL & wife *vs.* SYLVESTER BOWMAN & others.

B., a tenant in common of land, agreed with the other tenants, that, if they would join in a sale of the land, he would pay them certain amounts out of the proceeds, and retain only the surplus. A purchaser at the sale, who had made an overpayment, brought a bill in equity against B. to recover the amount thereof. *Held,* that if such amount, by increasing the surplus, inured only to the benefit of B., the other tenants in common were not necessary parties.

Land belonging to an insolvent estate was sold by the assignees, by auction, in May 1859, in lots, each of which was bid for and sold by the square foot, and the purchasers signed a memorandum referring to a plan and giving the number of square feet in each lot, and the price per foot. The plaintiff purchased one of these lots at the auction, and in September 1859 paid for the same and received a deed which described the lot by metes and bounds, referred to the plan, purported to give the exact length of the four sides, and stated the consideration in one sum ascertained by the price paid for the supposed number of feet. In January 1860, having then for the first time ascertained that the length of one of the sides of the lot was incorrectly given in the deed and upon the plan, and so that the number of square feet was considerably less than he had supposed and had paid for, he made a demand on the assignees, who then had sufficient assets of the estate in their hands, to return the amount overpaid; but the assignees refused, and distributed the assets among the creditors. On a bill in equity filed by him in 1865 against the assignees, *Held,* 1. that he had a right to recover from them the amount paid by

mistake; 2. that there had been no such laches on his part as to bar that right; and 3. that it was not open to them, after filing a general answer, to object that he had an adequate remedy at law.

BILL IN EQUITY, filed May 25, 1865, by John P. Tarbell and Catherine E. Tarbell, his wife, against the assignees in insolvency of the firm of Trull Brothers. The case is stated in the opinion.

*J. G. Abbott & H. G. Parker*, for the plaintiffs.

*H. W. Paine*, for the defendants.

COLT, J. The facts upon which the plaintiffs' title to relief depends are sufficiently plain, as they finally appear upon the bill, answer and agreed statements, both original and supplemental. The defendants, as assignees in insolvency, were interested in certain real estate in Boston, with other parties, including the plaintiff John P. Tarbell, who was seised in fee and as tenant in common, as trustee of his wife, the other plaintiff, in part thereof. In order to secure a sale of the property to the best advantage for the estate of the insolvent, the defendants obtained the consent of all the other parties interested, that the entire property should be sold at auction in lots, and, as inducement to them for joining in the sale, it was agreed, in advance, that they should receive certain fixed amounts, at all events, out of the proceeds. The sale was at the instigation and for the benefit of the assignees. The other parties were under no necessity to sell, and the net results, after paying them according to agreement, were received by the assignees to their own use. If, therefore, under a mistake, there has been an overpayment by a purchaser at the sale, the defendants are the parties who have received the money, and should, under ordinary circumstances, be held responsible for it. From the nature of the transaction, the overpayment increases the surplus which goes to them, after settlement with the other interested parties. And we see no reason for joining any one with them as necessary and proper parties in this suit, on the ground that they were directly or indirectly the recipients of the money so paid.

The sale at auction of the premises, by lots, took place May 26, 1859. The plaintiff Mrs. Tarbell became the purchaser of

lot No. 2, and Dexter D. Bowman of the adjoining lot on the west. Each lot was bid for and sold by the foot, and a contract or memorandum of sale, referring to a printed advertisement and plan, and giving the number of square feet in each lot, and the price per foot, was signed at the time of the sale by the several purchasers. A deed, executed by the defendants and the other parties interested, was made through a third person, acting as a conduit, to the plaintiff Mrs. Tarbell, which described the lot by metes and bounds, referred to a plan, purported to give the exact length of the four sides, and stated the consideration in one sum, ascertained by the price paid for the supposed number of feet. The deed was delivered on the 28th of September following, when the money was paid and the whole matter settled, as it was supposed. In January following, some eight months after the sale, it was ascertained by the plaintiffs, for the first time, that the length of the west line of the lot was incorrectly given in the deed and upon the plan, and that the real quantity of land in the lot was three hundred and fifty-one and three quarters feet less than Mrs. Tarbell was supposed to have purchased, and which she paid for, while the lot bought by Bowman and conveyed to him contained the same quantity more than was estimated and paid for by him.

Although, by reason of the nature of the title, and the many adjustments necessary between vendors and vendees, the computations and conveyances connected with the business were somewhat complicated, yet it is now agreed that the alleged error in no way affected the relations of the several parties to the transaction, otherwise than as above stated.

As soon as the error was discovered, demand was made on the defendants for the return of the amount overpaid; but though, as assignees, they then had funds of the estate sufficient to respond, they refused to comply with the demand, and divided the money among the creditors of the insolvent estate.

The prayer of the bill is, that the defendants may be decreed, either to return the amount so paid by mistake, or to correct the deed, so that the quantity of land purchased may be conveyed to Mrs. Tarbell.

The question, in cases of this description, has usually been whether the sale was by estimation or by measurement. If the former, and the sale was fair, there is no hardship in applying the rule that the buyer takes the risk. If the latter, then exact quantity becomes an essential element, and the plaintiff will be entitled to relief, unless it appears from the terms of the conveyance to him, or otherwise, that he has waived the precise quantity called for by the contract. Such waiver has been held to have been made, when the description in the deed was by metes and bounds, with the words "containing by estimation," or "more or less," added. In the recent case of *Noble* v. *Googins,* 99 Mass. 231, it is held that the words "more or less," or equivalent words, will control the statement of the quantity, or of the length of one of the lines, so that the purchaser will not be entitled to relief under a written contract to sell. The authorities which bear upon this point are there fully collected, and need not be referred to here. See also *Stebbins* v. *Eddy,* 4 Mason, 414.

In the case at bar, there can be no doubt that the defendants intended to sell, and the plaintiffs to buy, a quantity of land specified and accurately measured in square feet; that the price paid was computed by the exact quantity; and that the deed was made and the whole business transacted, under a mutual mistake of fact, as to the quantity of land.

There is nothing in the form of the deed given and accepted which manifests an intention to waive or change the original terms of the sale. Nor do we perceive that the plaintiffs are properly chargeable with such laches, in not earlier ascertaining the contents of the lot, and not sooner commencing this suit, as should deprive them of the relief sought. The mere lapse of time which is here disclosed, without circumstances importing negligence, with no evidence of an intention to abandon the claim, and no conduct which induced the defendants to change their position injuriously, is not sufficient. The defendants were seasonably notified of the claim while yet in funds. They are alone at fault in not adjusting it; and, at all events, were afforded an opportunity in time to protect themselves from loss.

The defendants, having sold and conveyed all the real estate in question, can only be decreed to pay back the amount paid by mistake. And this relief the plaintiffs are entitled to in this suit, although it might have been had by suit at law; because it is not open to the defendants to object, after filing a general answer, that the plaintiffs have an adequate remedy at law. *Massachusetts General Hospital* v. *State Assurance Co.* 4 Gray, 227

*Decree for the plaintiffs.*