EDWARD C. WILSON et al., Executors, etc., Respondents, *v.*
FRANCIS M. RANDALL, Appellant.

While the circumstances surrounding the execution of a contract cannot
be used to contradict what is expressed therein, this rule does not con-
fine the court in construing a contract to the very instrument in ques-
tion ; other contemporaneous writings between the parties, relating to
the same subject-matter, are admissible in evidence to explain or qualify
the agreement under consideration.

Defendant and plaintiffs' testator, W., contracted for the sale, by the
former to the latter, of a certain piece of land. The contract, after
describing the land by metes and bounds, thus continues: " containing
fifty-four fifteen-hundredths acres of land, be the same more or less,
for the sum of three hundred and fifty dollars per acre," which W.
agreed to pay. When the deed was executed, defendant claimed that
the surveyor had made a mistake, that there was in fact fifty-six fifteen
one-hundredths acres; the purchase-price for that quantity at the agreed
price per acre was inserted as the consideration in the deed, and was
paid by W. Following the description in the deed were the words,
" containing fifty-six and fifteen one-hundredths acres of land, be the
same more or less." There was, in fact, but forty-eight forty-seven one-
hundredths acres in the piece. In an action to recover back the payment
in excess of the purchase-price of the actual quantity, *held,* that taking
the contract and deed together, it appeared that the sale was by the
acre, not by the piece, and that plaintiff was entitled to recover.

*Faure* v. *Martin* (7 N. Y., 210) questioned.

(Submitted November 14, 1876 ; decided November 21, 1876.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, affirming a judgment
in favor of plaintiffs entered upon a decision of the court at
Special Term. (Reported below, 7 Hun, 15.)

This was an action to recover back a sum alleged to have
been overpaid by mistake by plaintiffs' testator, Edward J.
Wilson, upon the purchase by him of a piece of land of
defendant.

Prior to October 9, 1868, plaintiffs' testator and defendant
entered into negotiations for the purchase by the former of
the latter of a piece of land. They finally agreed upon the

boundary lines and upon the price per acre, *i. e.*, $350, and a survey thereof to ascertain the quantity was to be made by defendant. A surveyor was agreed upon who was defendant's agent. He made the survey and reported that there were fifty-four acres and fifteen-hundredths of an acre within the boundaries agreed upon. A written contract was accordingly executed, dated the day aforesaid, in which, after a description of the land by metes and bounds, was the following : " Containing fifty-four and fifteen one-hundredths of an acre, be the same more or less, for the sum of $350, which the said party of the second part agrees to pay," etc. In pursuance of the contract a deed was executed and delivered. Prior thereto defendant notified Wilson that there was a mistake in the survey, that there was in fact fifty-six and fifteen one-hundredths acres within the boundaries, and the consideration inserted in the deed, $19,652.50, was arrived at by multiplying that number of acres by the price per acre so agreed upon. In the deed, after a description of the land by metes and bounds, it is stated as " containing fifty-six acres and fifteen one-hundredths of an acre of land (56 15-100), be the same more or less." The consideration, as so arrived at, was paid by Wilson in accordance with the terms of the contract. There were in fact, as was afterwards ascertained, but forty-eight and forty-seven one hundredths acres of the land.

The trial court found, as conclusions of law, that the purchase was by the acre ; that the plaintiff was entitled to recover back the sum paid in excess of the price of the actual number of acres at the agreed price per acre. Judgment was perfected accordingly. Further facts appear in the opinion.

*Stephen S. Marshall* for the appellant. The sale was a sale in bulk, and not by the acre. (*Faure* v. *Martin*, 13 Barb., 394 ; 7 N. Y., 210.)

*Michael Nolan* and *B. Rush Stoddard* for the respondents. Evidence as to what was said and done prior to the execution of the written contract, and before the execution of

the deed, was proper. (1 Greenl. Ev., §§ 277, 282, 286; *Blossom* v. *Griffin*, 13 N. Y., 569; *George* v. *Tallman*, 5 Lans., 392.)

ANDREWS, J. It was found by the court as a fact, and the oral testimony of the negotiation prior to the execution of the contract of sale leaves no room for doubt, that the intention of both parties was that the purchase and sale of the land should be by the acre, and that the amount of the purchase-money should be computed on the actual quantity of land by measurement at the price of $350 an acre. There was no proposition that the sale should be for an entire sum irrespective of quantity, but the proposition was to sell the land by the acre, and the execution of the contract was delayed by a disagreement between the parties as to the price per acre, and after that was agreed upon, there was a further delay to enable an estimate to be made by a surveyor to ascertain the quantity of land.

The plaintiff assented to the estimate being made by a surveyor named, but he was the agent of the defendant. The duty to have a survey made, was by the agreement assumed by him, and the surveyor reported to the defendant that the land contained fifty-four and fifteen one-hundredths acres, and this amount was inserted in the written contract executed October 9, 1868. The contract after describing the lands by metes and bounds adds: " Containing fifty-four fifteen-hundredths acres of land, be the same more or less, for the sum of $350 per acre," and then follows a covenant by the purchaser to pay the purchase-price, not, however, naming the aggregate sum. If the contract imports a sale of the land in bulk and not by the acre, or concludes the plaintiff from questioning the quantity specified, it disappoints the intention of both parties as indicated by the preliminary negotiation. The sale by the acre was the basis of the contract, and while both parties assented to a survey to ascertain the quantity, there was no suggestion that either was to be bound by the survey, and still less that the purchaser was to

take the risk of the quantity stated in the contract. But the intention of the parties to an agreement when it has been reduced to writing, is to be ascertained from the writing alone if there is no uncertainty in the meaning of the language employed, and evidence of prior oral negotiations or stipulations at variance with the written agreement, are inadmissible for the purpose of construction. The contract may be read in the light of surrounding circumstances, and if the language employed is uncertain and ambiguous, they may afford a key to the meaning and intention of the parties, but they cannot be used to contradict what is expressed. But the rule does not confine the court in construing a writing to the very instrument in question. Other contemporaneous writings between the parties relating to the same subject-matter are admissible in evidence to explain or qualify the agreement before the court. (Greenl. on Ev., §§ 277, 283.)

The land which the vendor in this case intended to convey, and which the vendee contracted to purchase, was clearly defined and the words "more or less," inserted in the contract, indicated that the quantity was or might be uncertain. When a contract is made to sell a defined piece or parcel of land for an entire piece, and following the description is a statement of the number of acres contained in the tract, without any covenant by the vendor as to the quantity, it is held that the statement of quantity is mere matter of description, and that the contract is satisfied by a conveyance of the land within the boundaries stated, whether it contains more or less than the specified number of acres. (*Mann* v. *Pearson*, 2 J. R., 37.) And if the words "more or less" are inserted, it is still more clear that the quantity was not of the essence of the contract.

In *Faure* v. *Martin* (7 N. Y., 210), where the agreement was to sell a certain farm containing "ninety-six acres, be the same more or less, for the sum of sixty dollars per acre," which, in fact, contained but eighty-six acres, and a deed was given with the same description, it was held that in the absence of fraud, mistake or representation, the vendee was not

entitled to compensation for the deficiency. The same rule of construction was applied as in the case of *Mann* v. *Pearson*, and the court were of opinion that the words "more or less" inserted in the description, indicated that the parties did not rely upon the statement of quantity, and that the purchaser was bound to pay for ninety-six acres at the price of sixty dollars an acre. This case was commented upon by COMSTOCK, J., in *Belknap* v. *Sealey* (14 N. Y., 143), and the construction given to the contract in *Faure* v. *Martin*, is, at least, very strict in favor of the vendor, and we are not fully satisfied that it was the true interpretation of the agreement. Where a contract is to sell a farm at a certain price per acre, and following the description is a statement of the number of acres and the words "more or less," may it not mean that the quantity when ascertained, whether "more or less" than that specified, shall be paid for at the price per acre mentioned in the agreement. In this case, however, the deed executed by the vendor two months after the contract was made, and which it is admitted was executed in "pursuance of the contract and in fulfillment thereof," conclusively determines its construction. The deed describes the land by metes and bounds as in the contract, but following the description are the words "containing fifty-six and fifteen one-hundredths acres of land be the same more or less," while the clause in the contract is "containing fifty-four and fifteen one-hundredths acres," etc. The consideration expressed in the deed is computed on fifty-six and fifteen one-hundredths acres at $350 an acre. When the deed was executed the defendant represented to the plaintiff that the surveyor had made a mistake in his computation, and that there were two acres more than were stated in the contract, and the plaintiff thereupon paid for the two additional acres at the contract price. Both parties at this time assumed that the sale was by the acre, and that the contract bound the plaintiff to pay for the actual quantity at the rate of $350 an acre.

This construction is binding upon the defendant and he cannot now be permitted to deny it. Moreover, taking the

contract and deed together, it appears that this construction was the true one, and both instruments may, we think, be considered in construing the contract. The contract of October 9, 1868, is, therefore, to be regarded as a contract to sell the land embraced therein by the acre, at the price specified. The land contains but forty-eight acres and twenty-seven perches. By mistake induced in whole or in part by the untrue though not fraudulent representation of the defendant, the plaintiff has paid for fifty-six and fifteen one-hundredths acres, and the mistake was not known to him until after the conveyance was executed. It is very just that under these circumstances the plaintiff should recover back the money paid for the land in excess of the actual quantity, and the law, we think, justifies the recovery in this case. (*Sir Cloudsley Shovel* v. *Bogan*, 2 Eq. Cas. Abr., 688; *Tarbell* v. *Bowman*, 103 Mass., 341; 1 Sugden on Vend., 324; See also *Belknap* v. *Sealey*, 14 N. Y., 143, and cases cited.)

The judgment should be affirmed.

All concur.

Judgment affirmed.