JOHN PAINE, APPELLANT, v. JAMES H. UPTON AND OTHERS, RESPONDENTS.

*Sale of real estate, under a mutual mistake as to its quantity—when the purchaser may recover the amount paid by mistake after accepting a deed.*

Where an agreement for the purchase and sale of a farm has been entered into, under an honest and mutual mistake of the parties, as to the quantity of land it contains, the fact that such agreement has been consummated and

carried into effect by the execution and delivery of a deed, does not prevent the purchaser from recovering back, in a court of equity, so much of the price as was paid by mistake, where the mistake is not discovered until after he has accepted the deed and entered into possession of the farm.

APPEAL from a judgment dismissing the complaint, entered upon the decision of the court on a trial of the action at the Monroe Special Term.

Upon the trial the judge found among other things that some few weeks prior to March 4, 1872, certain of the defendants, having offered the Homestead Farm of James Upton, deceased, for sale, the plaintiff and the said defendants entered into negotiations for the purchase thereof by the plaintiff ; the plaintiff went upon and examined the farm, and the external boundaries thereof were correctly pointed out to him. At the outset of such negotiations the plaintiff asked the said defendants how much land there was in the said farm, and at what price they would sell it. The said defendants thereupon informed the plaintiff that the said farm contained two hundred and twenty acres or upward, and exhibited to him certain printed descriptions thereof, and told him they had asked for the farm $150 per acre, but would sell it for $33,000. The plaintiff refused this offer, and made a counter-offer of $30,000 for the farm ; whereupon, and on February 28, 1872, the said negotiations were concluded by an agreement that the plaintiff should buy the said farm at a price which was fixed at $31,687 ; and on the day last aforesaid Alexander Pomeroy, Elijah C. Upton, and Willard Upton, acting on behalf of themselves and the other owners of said farm, of the one part, and the plaintiff, of the other part, executed under their respective hands and seals a contract for the sale of said farm, in which it was described as follows : "all that tract or parcel of land situate in the town of Greece, in the county of Monroe, N. Y., known as the Homestead Farm of the late James Upton, deceased, and being parts of lots 131 and 132 in Township No. 1, Short Range, Phelps and Gorham's purchase west of the Genesee river. Also a part of lot 140, in the above township and range ; also an acre lying north of the last piece of land, altogether containing about two hundred and twenty-

two acres of land, be the same more or less, for the sum of $31,687." On or about April 1, 1872, in pursuance of said agreement, a deed of conveyance of said farm was executed and delivered, in which the various lots referred to in the agreement were described by metes and bounds, and courses and distances, the number of acres contained in each being stated, such statement being followed, in each case, by the words " be the same more or less."

The full consideration expressed in said deed was paid or secured to be paid by the plaintiff, who thereupon went into possession of the said farm, and has ever since continued to own and occupy it.

All the parties to this action believed, during all the said negotiations, and at the times of executing the said contract and deed, and at all times until about nine months after the making of the said deed, that the said farm did in fact contain two hundred and twenty acres of land or upward; and such negotiations and agreement were had and executed on both sides upon the basis of such common belief and understanding.

In fact, the said farm contained but two hundred and six and fifteen one-hundredths acres of land ; all the parties were mutually mistaken in the belief that it contained two hundred and twenty acres or upwards, and the said agreement and deed were founded upon such mutual mistake.

About nine months after going into possession of the said farm the plaintiff's suspicions were for the first time aroused that the said farm contained less than he had understood, and thereupon he discovered the said mistake.

The mistake arose as follows :　For many years prior to 1865, the said James Upton owned and occupied as part of his Homestead Farm the parcel first described in the deed, together with a parcel adjoining it, of about twenty acres, and making up a total of one hundred and ninety-one and fifty-five one-hundredths acres as there stated.　In 1865 he conveyed the said adjoining parcel to a stranger, by reason whereof the parcel first described in the said deed to the plaintiff contained in fact only about one hundred and seventy acres.　After his death, his widow, heirs, devisees and executors, being the defendants herein, obtained a loan and executed a mortgage upon the said parcel, with other property, describing it other-

wise correctly, but calling it still erroneously one hundred and ninety-one and fifty-five one-hundredths acres ; and the same error was thereafter perpetuated in all the descriptions of the said farm put forth by the defendants or any of them.

The plaintiff, before commencing this action, applied to the defendants to make an allowance to him upon his bond and mortgage given to secure part of the purchase-money, on account of the said deficiency, but they refused to do so.

The extent of the mutual mistake aforesaid was the difference between the actual and the supposed number of acres in the said farm, to wit, thirteen and eighty-five one-hundredths acres, the value of which, at the average price per acre paid for the farm upon the assumption that it contained two hundred and twenty acres, was $1,951.93.

This action was brought to recover the portion of the purchase-money so paid by mistake.

*H. R. Selden* and *Theodore Bacon,* for the appellant. If no deed had been given, and the equities of the parties had depended upon the contract, the right of the plaintiff to have the mistake corrected would not have admitted of any question. (*Andrews* v. *Gillespie,* 47 N. Y., 490 ; *Gillespie* v. *Moon,* 2 Johns. Ch., 585, 596–7 ; *Simpson* v. *Vaughn,* 1 Atk., 33, and note ; 1 Sugden on V. & P., c. 7, § 3, pl. 2 and 3, p. 369 ; 7 Am. from 11 London Edition ; 26 Wend., 186.) The acceptance of the deed constitutes no bar to the equitable right of the plaintiff to have the mistake corrected. (*Quesnel* v. *Woodlief,* 2 Hen. & Munf., 173, note ; *S. C.,* 6 Call, 218 ; *Blessing's Adm's.* v. *Beatty,* 1 Robinson, 287 ; *Whaley* v. *Eliot,* 1 A. K. Marsh., 343 ; *Gilmore* v. *Morgan,* 2 J. J. Marsh., 65 ; *Wiley* v. *Fitzpatrick,* 3 Id., 582 ; *Crane* v. *Pratler,* 4 Id., 75, 77 ; *Triplett* v. *Allen,* 26 Gratt., 721 ; *Jenks* v. *Fritz,* 7 W. & S., 201 ; *Bartle* v. *Vosbury,* 3 Grant, 277 ; *Tarbell* v. *Bowman,* 103 Mass., 341 ; *Read's Adm's.* v. *Cramer,* 1 Green Ch., 277 ; *Clute* v. *Jones,* 28 N. Y., 280 ; *Witbeck* v. *Waine,* 16 N. Y., 532 ; *Graves* v. *Brinkerhoff,* 6 T. & C., 630 ; *Daniel* v. *Mitchell,* 1 Story, 172 ; *Doggett* v. *Emerson,* 3 Story, 700.)

*E. Harris,* for the respondents, Eli M., Charles S. and John Upton. The court has not found that the supposed quantity of land formed an essential inducement to the plaintiff to purchase, or that quantity constituted the condition of purchase; and the contract having been fully executed, the complaint was properly dismissed. (*Marvin* v. *Bennett,* 8 Paige, 312; *S. C.,* 26 Wend., 169; *Belknap* v. *Sealey,* 14 N. Y., 143; *Dambmann* v. *Schulting,* decided in Court of Appeals, November 12, 1878, reported in 7 N. Y. Weekly Digest, 570.)

*D. C. Hyde,* for the other respondents. Such a sale in bulk and for a gross sum will not be disturbed by a court of equity, except in cases of extraordinary hardship. (1 Story Eq. Juris., 4 Ed. Pa., 166; *Taylor* v. *Fleet,* 4 Barb., 96; *Marvin* v. *Bennett,* and *Bennett* v. *Marvin,* 8 Paige, 312.) If a quantity of not less than two hundred and twenty acres was a condition to the contract in the mind of the plaintiff, he was grossly negligent, and equity will not relieve him. (*Long* v. *Warren,* 68 N. Y., 426; *Beasley* v. *Beasley,* 38 L. T., [English] Rep. [N. S.], 844, fully reported in Alb. L. Journal of September 21, 1878, pp. 234–5.)

SMITH, J.:

The fact of a mutual mistake as to the quantity of the land sold was found by the trial court upon proof establishing it beyond question. The land was believed by all parties to contain two hundred and twenty acres and upward, but in fact it contained only two hundred and six acres and a fraction. The court also found that such belief was the basis of the negotiations and agreement of the parties. The case, therefore, is not one of a sale in gross, so that the contract is satisfied by a conveyance of the land within the boundaries stated, whether it contains more or less than the specified number of acres. And it is apparent, from the course of the negotiations between the parties, and the efforts of each to make the price a few hundred dollars more favorable to himself, that if the vendee had been aware of the actual number of acres he would not have made the purchase at the price agreed on. The case is, therefore, one for granting relief, unless, as is contended by the respondent's counsel,

the appellant is concluded by the fact that the agreement has been consummated by a conveyance.

The mistake was not discovered until several months after the deed was delivered and the purchaser had gone into possession, and consequently, the mistake entered into and affected the deed as well as the executory contract. We are not aware of an authority in this State, holding, that in such a case, a court of equity will not give relief. · The cases relied upon by the respondents' counsel, and cited by the learned judge at Special Term, at the most, contain mere *dicta* to that effect, they are not adjudications in point. They . are *Veeder* v. *Fonda* (3 · Paige, 94); *Marvin* v. *Bennett* (26 Wend., 169); and *Belknap* v. *Sealey* (14 N. Y., 144). The comments of Judge COMSTOCK in the case last cited upon the first two cases named, show wherein they differ materially from the present case. In *Belknap* v. *Sealey*, the court rescinded an executory contract for the purchase of land, on the application of the vendee, on the ground of mistake in the quantity. The fact that a deed had not been executed was adverted to, but there is no intimation in the case that if there had been a deed, the relief would have been denied. Considering the question as an open one, what sound reason can be given for holding that the vendee is foreclosed by the acceptance of a deed from obtaining the relief sought in this action? He does not ask that the contract be rescinded, but he seeks to recover back so much of the price per acre as was ·computed and paid by mistake. The reason suggested by Chancellor WALWORTH in *Veeder* v. *Fonda*, to wit, the necessity of quieting litigation, · would apply as well to the case of a-mistake in a deed in any other material respect, as to a mistake in respect to quantity. In view of the rule that the alleged mistake must be established by clear and irrefragible proof, the necessity of such a holding is not apparent. If, intermediate the contract and the deed, circumstances had occurred calculated to put the vendee on his guard; or if, as in *Marvin* v. *Bennett*, the vendor had distinctly refused to insert the quantity in the deed after negotiation on that subject; or if it had . been understood that the risk as to the quantity of land constituted · an element of the conveyance, the reason for holding the vendee concluded by the deed would be obvious and controlling. But

where the deed and the agreement are executed under the same mutual mistake, it is not easy to understand how the deed stands in the way of correcting the mistake. The case of *Wilson* v. *Randall* (7 Hun, 15 ; affirmed, 67 N. Y., 338), seems to be an authority for holding that a court of equity will correct a mistake in a deed as to quantity. See also *Graves* v. *Brinkerhoff* (6 T. & C., 630). ·

The circumstance that the land is described by metes and bounds and the terms "more or less" are added after a statement of the quantity, does not affect the right to relief, if the plaintiff is otherwise entitled to it. (*Belknap* v. *Sealey, sup.*) In *Belknap* v. *Sealey*, stress was laid upon the fact that the mistake on the part of the purchaser was caused by the misrepresentation of the vendor, although not fraudulently made. The same fact exists here, the court having found that at the outset of the negotiations the defendants stated, in reply to the plaintiff's inquiry, that the farm contained two hundred and twenty acres or upward. The statement was made in the belief that it was true, but it was a misrepresentation.

The judgment should be reversed and a new trial ordered, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.