FRANKLIN H. GOULD vs. WILLIAM H. EMERSON.

Bristol.   December 15, 1893. — January 11, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Partnership — Mistake in settling Accounts — Equity — Statute of Limitations — Laches — Decree — Interest.*

If, in settling the accounts of a partnership, it is found that one partner has withdrawn from the funds of the firm a certain sum in excess of the amount withdrawn by the other partner, and, through a mutual and innocent mistake, the former gives to the latter a promissory note for such sum, instead of for one half of it, a court of equity will grant relief against the mistake.

Where a mistake in paying money is one which will be corrected by a court of equity, the statute of limitations does not begin to run until the time when the mistake was discovered, or when, by the use of due diligence, it ought to have been discovered.

If, through a mutual and innocent mistake, in settling the accounts of a partnership, one partner gives to the other a promissory note for a much larger sum than that due from him, upon a bill in equity for the correction of the mistake, laches is not necessarily to be inferred from the lapse of more than six years, and the payment of more than half of the principal of the note and the regular payment of interest, before discovery of the mistake.

In settling the accounts of a partnership, if one partner, through a mutual and innocent mistake, gives to the other a promissory note for double the amount due from him, upon which he has paid more than one half of the principal and also interest on the whole sum, he is entitled, upon a bill in equity for the correction of the mistake, to a decree for the surrender and cancellation of the note and the refunding of all payments of principal and interest in excess of what would have been due if the note had been for one half of its amount.

Interest is not recoverable upon a sum overpaid by one partner to another, through a mutual and innocent mistake, in settling the accounts of the partnership, until a demand, or until the date of a bill in equity for the correction of the mistake.

BILL IN EQUITY, filed in the Superior Court, for the correction of a mistake made in settling the accounts of a partnership between the parties, for the surrender and cancellation of a promissory note given in pursuance of such settlement, and for the payment of the sum found due to the plaintiff upon the taking of an account.   Hearing before *Hopkins,* J., who ordered a decree for the plaintiff, from which the defendant appealed to this court; and the judge, at the defendant's request, reported the facts found by him material to the decree, which sufficiently appear in the opinion.

*L. LeB. Holmes*, for the defendant.

*H. J. Fuller*, for the plaintiff.

ALLEN, J. There was a plain mistake in the giving of the note for $10,000 to the defendant. It should have been for only $5,000. There was no fraud, but it was a case of mutual mistake as to the manner of carrying out what had been settled and agreed on. Upon dissolving the partnership between the plaintiff and the defendant, the plaintiff was to take the goods on hand and pay the defendant for his interest therein. The value of the goods was fixed at $16,000, and the plaintiff gave to the defendant his note for $8,000, and this has been paid. There was no mistake as to this. But the plaintiff had withdrawn from the funds of the firm $10,000 more than the defendant had, and to make this right between the parties the plaintiff would have to restore the $10,000 to the firm, or pay the defendant for his share thereof, which would be $5,000. Instead of doing this, by sheer inadvertence or ignorance of what is plain when you come to look at it carefully, the plaintiff gave his note for $10,000 to the defendant. This gave to the defendant the whole of a sum which belonged to the firm, and which he was entitled to only one half of. The mistake, though gross, was mutual and innocent; and the plaintiff at any time upon discovering it might have had a bill in equity for relief against it. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 319, 320. *Canedy* v. *Marcy*, 13 Gray, 373. *Wilcox* v. *Lucas*, 121 Mass. 21. *Goode* v. *Riley*, 153 Mass. 585. *Beauchamp* v. *Winn*, L. R. 6 H. L. 223. *Daniell* v. *Sinclair*, 6 App. Cas. 181, 190, 191. *Paget* v. *Marshall*, 28 Ch. D. 255. And though the contract has been executed, a court of equity may grant relief, and decree repayment of money so paid by mistake. *Tarbell* v. *Bowman*, 103 Mass. 341. *Wilson* v. *Randall*, 67 N. Y. 338. *Paine* v. *Upton*, 87 N. Y. 327.

The defendant relies on the statute of limitations. The bill was brought January 28, 1893. One payment of $500 on the principal of the note was made more than six years before that date, but that payment should be applied on the sum rightfully due to the defendant. One payment of $300 for interest was made more than six years before that date, and $150 of this would properly be appropriated to the interest on the sum right-

fully due as principal. This leaves only $150 to be affected by the question of the statute of limitations. Where a mistake in paying money is to be corrected by a court of equity, the statute of limitations does not begin to run until the time when the mistake was discovered, or at any rate till the time when by the use of due diligence it ought to have been discovered. It was not in fact discovered till about November 1, 1892, and on the facts which are found in the report of the case no earlier date can be fixed for the commencement of the time of the running of the statute. *Wells* v. *Child*, 12 Allen, 333, 335. *Brooksbank* v. *Smith*, 2 Y. & C. Ex. 58. *Ecclesiastical Commissioners* v. *North Eastern Railway*, 4 Ch. D. 845, 860. *Thomas* v. *Bartow*, 48 N. Y. 193. Story, Eq. Jur. § 1521, a.

The defendant also relies on the defence of laches, but the justice of the Superior Court who heard the case and saw the parties was of the opinion that the plaintiff was not guilty of laches, and we see no reason to differ from him. *Tarbell* v. *Bowman*, 103 Mass. 341. *Beauchamp* v. *Winn*, L. R. 6 H. L. 223.

Upon the facts already referred to, the relief to which the plaintiff would be entitled would be to have his original note of $10,000, upon which he has paid $6,000, surrendered and cancelled, and to have the overpayment of $1,000 refunded, and also to have the interest refunded which he has paid in excess of the interest due on the $5,000 which he justly owed. The $10,000 note should be treated as valid for $5,000, and all payments of principal or interest in excess of what would have been due if the note had been for $5,000 should be refunded. These overpayments amounted, as we understand from the decree, to $1,000 upon the principal, and $1,800 upon the interest.

It appears, however, that the plaintiff owes the defendant another note for $1,000 for borrowed money, and the decree provided that the defendant should surrender this note to the plaintiff, which was intended to be in place of refunding the $1,000. There was no error in this, the defendant assenting that, if the plaintiff is entitled to have the $1,000 refunded, it shall be done in this way.

The decree further required the defendant to pay to the plaintiff an additional sum of $459, being interest upon the overpay-

ments of interest. We do not find anything in the pleadings or in the facts of the case to warrant this part of the decree. The defendant received the note and the payments made upon it without fraud or knowledge of the mistake, and without any promise to pay interest upon the sums so received by him. Under these circumstances, no interest is recoverable until a demand, or until the date of the bill. *Hubbard* v. *Charlestown Branch Railroad*, 11 Met. 124. *Ordway* v. *Colcord*, 14 Allen, 59. *Gay* v. *Rooke*, 151 Mass. 115, 117. *Hutchinson* v. *Liverpool, London, & Globe Ins. Co.* 153 Mass. 143.

The decree is to be amended so as to allow the plaintiff to recover interest upon his overpayments after demand, or after the date of the bill. In other respects it is to be

*Affirmed.*