(29 Misc. Rep. 308.)

BERNHEIMER et al. v. PRINCE.

(Supreme Court, Appellate Term.    October 25, 1899.)

1. CHATTEL MORTGAGES—PROPERTY COVERED—MISTAKE—REFORMATION.
     Where a chattel mortgagor, subsequent to the execution of the mort-
gage, executed an instrument acknowledging that a certain item was by
mistake included in the mortgage, and that it was the mortgagee's prop-
erty, the latter may enforce his right to such item, as against an assignee
of the mortgage having knowledge of the existence of said instrument
when the assignment was executed, without resorting to equity for a
reformation of the mortgage.

2. SAME—PAROL EVIDENCE.
     The rule that parol evidence is inadmissible to vary the terms of a writ-
ten instrument does not preclude the admission of other contemporaneous
writings between the same parties, relating to the same subject-matter.

3. SAME—RIGHTS OF ASSIGNEE.
     One purchasing a chattel mortgage of the mortgagee named therein,
with knowledge that an item had been by mistaken included therein, and
that subsequent to the execution thereof the mortgagor had executed a
writing declaring that the item belonged to the mortgagee, can assert no
claim to such item as against the mortgagee.

Appeal from city court of New York, general term.

Action by Simon E. Bernheimer and another against Adolph
Prince.    From a judgment of the general term of the New York
city court, affirming a judgment of the trial term for plaintiffs (58
N. Y. Supp. 392), defendant appeals.    Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

Myers, Goldsmith & Bronner (E. J. Myers, of counsel), for appel-
lant.

Rose & Putzel (Gibson Putzel and Benjamin G. Paskusz, of coun-
sel), for respondents.

LEVENTRITT, J.    This action is brought to recover the posses-
sion of a beer pump and ice house of the agreed value of $130.    Own-
ership was claimed by both parties on the following facts developed
on the trial:    On the 5th day of February, 1895, one Mooney Schrei-
ber, a saloon keeper, executed and delivered to the plaintiffs, for a
valuable consideration, a chattel mortgage as security for the repay-
ment of $1,000 on demand.    The property covered by the mortgage,
and enumerated in the schedule thereto annexed, consisted of
the contents of Schreiber's saloon, and included and specified, among
others, the articles replevied.    It seems, however, that those articles
were embraced in the mortgage through inadvertence.    In order to
rectify the error, Schreiber, upon discovery, and at the instance of
the plaintiffs, made and delivered to them, on the 25th day of Feb-
ruary, 1895, a bill of sale, besides two separate instruments termed
"property receipts," relating, respectively, to the beer pump and ice
house, reciting the erroneous inclusion of these articles in the
schedule, their sole and exclusive ownership by the plaintiffs, and
limiting Schreiber's rights to a permissive conditional use so long
as he should patronize their brewery.    These papers, as well as the

chattel mortgage, were properly recorded in the office of the register of this county. On the 30th day of August, 1896, the plaintiffs decided to foreclose the mortgage, and to that end gave written authority to one Louis Levy, a city marshal, to demand payment of the $1,000, and, in default, to adopt foreclosure proceedings. Accordingly, he made a formal demand of Schreiber, who referred him to the defendant. The latter was vice president of the Eastern Brewing Company, to which corporation Schreiber had arranged to transfer his patronage. Levy called on the defendant, and testifies that he showed him the chattel mortgage, handed him the two receipts for perusal, and that thereupon the defendant requested postponement of the matter until he could confer with his lawyer. This led to an interview between the defendant, his attorney, and a representative of the plaintiffs. The latter testifies that on that occasion he had with him the mortgage and the receipts, and that he then gave both verbal and written notice to the defendant of the plaintiffs' title to the beer pump and ice house. Subsequent negotiations resulted in the payment by the defendant of the sum of $1,000, and the execution and delivery by the plaintiffs of an assignment of the chattel mortgage. This was in the usual form, and did not except any article. Demand was thereafter made for the delivery of the beer pump and ice house, and, compliance being refused, this action was instituted. The trial resulted in a judgment for the plaintiffs, and from an affirmance by the general term the appeal has been carried to this court.

Throughout the litigation the defendant has contended—First, that recovery by the plaintiffs, involving the exercise of equity jurisdiction in the reformation of the mortgage, could not be had in the city court; and, secondly, that, the mortgage and assignment being under seal, parol evidence was inadmissible to contradict or vary their terms.

The defendant's propositions are inapplicable. The plaintiffs' recovery was not dependent on reformation, and the rule of evidence was not infringed. The mistake underlying both contentions consists in regarding the mortgage as evidencing the complete transaction between the plaintiffs and Schreiber; or, in other words, ignoring the bill of sale and the receipts, which remove the beer pump and the ice house from the operation of the mortgage. The maintenance of the plaintiffs' claim does not require a reformation of the one instrument, but the addition of the others to complete, not the instrument, but the transaction. The several instruments must be read together. Their combined effect expresses the contractual intention of the parties. Parol evidence was admissible to show that the agreement between the parties was embodied in several papers, and not in a single one.. It was not offered to contradict either the mortgage or any other document, but to show what papers contributed to make the complete contract. Other contemporaneous writings, relating to the same subject-matter, are admissible in evidence to explain or qualify an agreement under consideration. Browne, Par. Ev. § 22; 1 Greenl. Ev. § 283; Wilson v. Randall, 67 N. Y. 338. The parol evidence here offered and received does not

contradict or vary the writing; it served merely to introduce other writings qualifying the mortgage.

So far as the assignment is concerned, it is equally true that no parol evidence was introduced to vary or contradict it. All of the testimony against which that objection was urged was properly admitted to establish notice. Its purpose was to bring home to the defendant knowledge of those papers, which limited the number of items affected by the mortgage, and removed the beer pump and ice house from its operation. It did not, as parol evidence, change the terms and effect of the assignment. Its aim was to show that the assignment was accepted with full knowledge of the instrument qualifying the terms of the mortgage. The issue in this case resolved itself into a simple question of fact. Did the defendant, at the time he took the assignment, actually have notice of the bill of sale and the property receipts? If he did, he took subject to their terms, and could not lay claim to the articles in dispute. By its verdict, the jury answered this question in the affirmative. We see no reason to disturb their conclusion.

Judgment affirmed, with costs to respondents. All concur.