## WARDEN v. TESLA.

(Supreme Court, Appellate Division, Second Department. April 22, 1904.)

1. OPTION CONTRACT—CONSIDERATION—COMPUTATION—ACTUAL ACREAGE.

The measure of liability of one contracting to pay as a consideration for an option on certain real property a sum equal to the annual interest at 4 per cent. of the purchase price of the land, fixed at $25 per acre, and describing the tract by metes and bounds and distances, and stating that it contains 410 acres, more or less, is determined by the actual acreage, and not by the number of paper acres.

2. TRIAL—EXCEPTIONS—SUFFICIENCY.

In an action on an option contract for the purchase of land binding defendant to pay as consideration therefor a sum equal to the annual interest at 4 per cent. of the purchase price, fixed at $25 per acre, the court admitted in evidence over defendant's objection a letter from his agent demanding a sum equal to 4 per cent. of the purchase price, calculated on the assumption that the tract contained 410 acres, as stated in the contract. Held, that defendant's objection that such sum was not due sufficiently raised the question whether defendant's liability was measured by the actual acreage or by the number of the paper acres.

3. ACTION ON OPTION CONTRACT—EVIDENCE—EXCLUSION—ERROR.

Where in an action on an option contract for the purchase of land said to contain 410 acres, binding defendant to pay as consideration therefor

a sum equal to the annual interest at 4 per cent. of the purchase price, fixed at $25 per acre, for the recovery of a sum equal to 4 per cent. of the purchase price, calculated on the assumption that the tract contained 410 acres, as stated in the contract, plaintiff gave testimony that the tract contained 420 or 430 acres, the exclusion of evidence offered by defendant as to the number of acres in the tract was erroneous.·

Appeal from Suffolk County Court.

Action by James S. Warden against Nikola Tesla. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edwin B. Smith, for appellant.

William L. Marshall (Henry B. Johnson, on the brief), for respondent.

HOOKER, J. This action arose out of an alleged breach of defendant's contract to pay the plaintiff, as consideration for an option on certain real property, given by the latter, a sum equal to the annual interest at 4 per cent. of the purchase price of the land in quarterly installments in advance. The purchase price is provided to be $25 per acre of a tract described by metes and bounds, its description concluding in these words: "Containing four hundred and ten acres, more or less." Upon the trial the plaintiff testified that he had "computed the number of acres contained in the metes and bounds contained in this agreement, * * * as well as I could from the data I have." To the question, "How much is it?" the defendant entered the general objection that it was incompetent, immaterial, and irrelevant, and the court observed that it might be objectionable "on the data which he has," ·to which the witness volunteered, "Well, I have." The plaintiff further testified, in answer to his counsel's questions, and without exception or further objection by the defendant, that it contained about 420 or 430 acres, that the purchase price of 410 acres at $25 per acre was $10,250, and that the interest on that sum at 4 per cent. per annum for three months was $102.50. It appeared that the defendant had failed to pay six installments of $102.50, that sum being the amount of each installment, based upon the 4 per cent. of the purchase price of 410 acres at $25 per acre. The defendant contends upon this appeal that, inasmuch as the agreement to purchase was at a given amount per acre, it was incumbent upon the plaintiff to show how many acres were actually contained ·in the piece described, and the purchase price determined thus, that the percentage thereof, which was to be the consideration for the option, might be computed therefrom; and he invokes the doctrine that, where no sum is determined upon for the tract as a whole, but it is to be taken at so much an acre, the quantity of actual acreage on the surface of the ground must be correctly ascertained to fix the consideration to be paid. The rule is plainly applicable to the contract under consideration. The authorities to sustain the contention are so abundant and so firmly establish the rule that more than a citation of them would serve no useful purpose. Wilson v. Randall, 67 N. Y. 338; Witbeck v. Waine, 16 N. Y. 532; Murdock v. Gilchrist, 52 N. Y. 242; Tarbell v. Bowman,

103 Mass. 341; Cardinal v. Hadley, 158 Mass. 352, 33 N. E. 575, 35 Am. St. Rep. 492; Paine v. Upton, 87 N. Y. 327, 41 Am. Rep. 371; Gallup v. Bernd, 132 N. Y. 370, 30 N. E. 743. The measure of the defendant's liability was determined not by the number of paper acres, but by the actual acreage. While the description in the agreement seems to be full and complete it is based upon monuments and fixed bounds. The tract is bounded on one side by the lands of the late Dickerson, and a cardinal point in the description is the Woodville road. Although the lines are stated to be of a given length in feet, a survey might easily reveal that a strict measurement of the length of those lines would not accord with Dickerson's lands or the road. Hence the actual acreage of the tract might be greater or less than 410.

The objection we have referred to is held by the plaintiff insufficient to raise this question because of the absence of an exception, and this is true; but the defendant did except to the overruling of his objection —stated to be on the ground that it is a demand for the payment of $102.50, which sum does not appear to be due—to the admission in evidence of a letter from the plaintiff's agents to the defendant, demanding that sum as quarterly payment under the terms of the contract, and this exception was taken to a ruling of the learned trial court at variance with the correct principles of law applicable to the matter in issue, and thereby the question discussed is raised for our review. The erroneous theory upon which the judgment in plaintiff's favor was based requires a reversal.

The record presents additional evidence for the reversal of the judgment. The plaintiff was called as a witness, and asked if he had computed the number of acres contained in the metes and bounds as described in the agreement, and upon his affirmative answer was further asked questions to which he replied that the tract contained something over 400—about 420 or 430—acres. No objection was entered. The plaintiff was sufficiently skilled in mathematics correctly to make the computation from the data of the description of the property appearing in the contract. William S. Jones, the only witness called by the defendant, read the description, and was then asked by defendant's counsel: "Now, have you made a computation of the quantity—of the number of acres—that would be included in those metes and bounds there mentioned?" The plaintiff objected to the question on the ground that it was incompetent, immaterial, and irrelevant, but not on the ground that the witness was incompetent. It was excluded by the court, and the defendant excepted. Under the view I take of the true interpretation of this contract, by virtue of the authorities cited above, the question would have been incompetent and immaterial had it not been for the fact that the plaintiff himself invited and tendered an issue as to the number of paper acres as distinguished from the number of acres actually existing on the surface of the ground. One of the witnesses thought the number of acres appearing, based upon a computation of the metes and bounds of the contract, was more than 410. It was surely competent for the defendant to show, if he could, and if such was the fact, that the acreage was less than that amount. It is fair to assume that such would have been the nature of the testimony of the witness Jones had he been allowed to answer. Be-

cause at the initiative of the plaintiff the case was tried upon the theory that the paper acreage should govern, he cannot complain of evidence on the part of the defendant to show less acreage than he himself claimed. Except for one or two phrases in the description slightly indefinite, such as "southerly, about three degrees west," the problem of the computation was accurately solvable by any careful high-school student who understood the principles of trigonometry and possessed tables in trigonometry. At any rate, plaintiff claimed to have made a calculation, and gave his results, and should not have been allowed to prevent the defendant from attempting to show the contrary of what he had proved. The evidence was offered by the defendant for the purpose of traversing an essential point in plaintiff's case, and its exclusion constituted reversible error.

Inasmuch as the question is likely to arise upon a retrial, it is proper to state that the defendant's claim of misdescription of plaintiff's capacity is, in the light of recent decisions, not well taken. Hoffman House v. Foote, 172 N. Y. 348, 65 N. E. 169; Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550.

The judgment should be reversed, and a new trial ordered.

Judgment and order of the County Court reversed, and a new trial ordered; costs to abide the event. All concur; BARTLETT and JENKS, JJ., on last ground stated in the opinion.