No. 9570.

THOMAS *v.* THOMAS.

Decided April 5, 1920.    Rehearing denied December 6, 1920.

Action to recover corporate stock issued through a mistake. Judgment for plaintiff.

*Affirmed.*

1. PLEADING—*Complaint.* An allegation in a complaint that plaintiff

by mistake and error issued to the defendant 556 shares more than she was entitled to, and issued to himself 556 shares less than he was entitled to, held sufficient to constitute a cause of action.

2. APPEAL AND ERROR—*Sufficiency of Evidence.* Evidence reviewed and held sufficient to support a decree for plaintiff.

3. LIMITATIONS—*Fraud and Mistake.* Whatever statute of limitations applies to a case of fraud or mistake, it does not begin to run in equity, until after the discovery of the fraud or mistake.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. EDWIN W. HURLBUT, Mr. THORNTON H. THOMAS, for plaintiff in error.

Mr. GEORGE C. MANLY, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THEODORE H. Thomas, plaintiff below, brought suit against Lizzie M. Thomas, his sister-in-law, alleging that in a certain division of stock in the Quintet Mining Company between the plaintiff, his brother, Thornton H. Thomas, and the defendant, made on February 28th, 1912, the defendant had by mistake received 556 shares too much.

The court found for the plaintiff and decreed the return of the shares and the payment of certain dividends, which in the meantime had been received thereon, and the defendant brings error.

First: The first point made by the plaintiff in error is that the complaint does not state facts sufficient to constitute a cause of action.

We think this complaint is sufficient. The objection is that the allegation, "he by mistake and error issued to the defendant 556 shares * * * more than she was entitled to and issued to himself 556 shares * * * less than he was entitled to" is insufficient, because it does not state in detail the amount of stock which was issued to each, and

why it was more or less than the parties were entitled to.

Whether this pleading would justify a motion to make it more definite and certain, we do not determine; but, as it stands, it is sufficient to constitute a cause of action.

Second. The plaintiff in error says that the evidence does not justify the finding of the court. Upon this point we might say that since there was evidence for and against the proposition of the mistake, we would not disturb the court's finding; but, in view of the relation of this case to No. 9587 between the same parties, we will say that we think the evidence does justify the court's decision. The brothers had been on most intimate terms and in their financial transactions were as one. In November, 1901, they owned between them, in certificates of different amounts, 76,270 shares in The Creede Quintet Mining Company. A small amount of this belonged to the wife of the plaintiff, but for the purposes of this statement we will treat it as his.

In November, 1901, the two brothers entered into an agreement in writing, shown in the record, which contained a schedule of all the property which they held jointly, and that schedule included 50,633 shares of this stock and no more; and the agreement provided that all property thereafter acquired by them should be held separately. The inference is absolute that the remainder of the 76,270 shares was not held jointly.

In February, 1912, a new company was formed to take the property of the old company, the charter of which was expiring, and the old stock was made exchangeable for the new stock at ten for one. The plaintiff, who was secretary of both, divided all the stock evenly, half and half, and issued the stock in the new company accordingly, when, according to its ownership and the agreement of the parties, he should have divided the 50,633 shares evenly and issued new stock accordingly and then issued to each stockholder stock in the new company according to his respective individual holding in the old.

By this mistake it was shown that the defendant, to

whom her husband requested the new stock should be issued, received 556 shares more than she ought and the plaintiff 556 shares less than he ought.   There was some slight variation in these amounts which it is not necessary to consider here and the court gave judgment for 536 instead of 556 shares, which judgment we will not disturb.

Third.   It is pleaded that the alleged mistake was not made within six years prior to the beginning of the suit. The plaintiff replied that he did not discover the mistake until December, 1917.   It is claimed that this reply is insufficient.   The complaint was filed on the 6th of December, 1918, more than six years after the mistake was made.

The replication is good.   The answer to the question does not rest upon the statute limiting bills for relief on the ground of fraud.   Without such statute it is a rule of equity that whatever statute of limitation applies to a case of fraud or mistake it does not begin to run until the discovery of the fraud or mistake.

On this point see *Gould v. Emerson,* 160 Mass. 438, 35 N. E. 1065, 39 Am. State, 501; *Emerson v. Navarro,* 31 Tex. 334, 98 Am. Dec. 534, 538; *Ainsfield v. More,* 30 Neb. 385, 403, 46 N. W. 828, and other cases cited in 33 Cent. Dig. Title "Lim. of Actions," § 476.

Judgment affirmed.