JOHN H. STURGIS vs. JONATHAN PRESTON.

Suffolk.    Jan. 16. — March 1, 1883.    FIELD & W. ALLEN, JJ., absent.

An action for money had and received, to recover money paid under a mistake of fact, in which there is no claim of fraudulent concealment, is barred by the statute of limitations, unless brought within six years from the date of the payment of the money ; and no demand before bringing the action is necessary.

COLBURN, J.   In this case, the plaintiff contended, and offered to prove, that in the year 1871 he bargained with the defendant for a lot of land, for a certain sum a square foot; that the defendant stated the number of square feet in the lot; that the plaintiff relied wholly upon the defendant's statement, and had no reason to believe or suspect that there was any error in said statement; that he thereupon paid for the land accordingly, and took a deed thereof; that there was not the number of square feet of land in said lot that the defendant had represented; that he did not discover the deficiency until the year 1880, a short time before this action was brought, when he was preparing to build upon the lot; that immediately upon the discovery of the mistake, he notified the defendant thereof, and demanded repayment of the sum so overpaid, and brought this action to recover it.   The plaintiff disclaimed all charges of fraud or fraudulent concealment on the part of the defendant.

One of the counts in the plaintiff's declaration was for money had and received.   The defendant relied, as one defence to the action, upon the statute of limitations.

The plaintiff contended that an action for money had and received has always been treated, at common law, as being founded on equity, and that the decision in this case, whatever it ought to be, should be the same, whether it should be considered a decision at common law or in equity; and argued that, as in equity, in cases of mistake, the statute of limitations does not begin to run until the discovery of the mistake, this action is not barred by that statute.

The answer to this argument is, that, although an action for money had and received, in its spirit and object, resembles a suit in equity, it is still an action at law, within the statute of

limitations; and, as all charges of fraudulent concealment are disclaimed, it is not within any exception to the statute. Gen. Sts. *c.* 155, §§ 1, 12.

The Commissioners on the Revised Statutes, in their note on *c.* 120, § 11, say: "In many cases of implied assumpsits, and other suits on contracts, the cause of action may remain for a long time unknown to the plaintiff; but unless that knowledge was fraudulently concealed from him, it was never supposed that he could bring his action after the expiration of six years." See also *Adams* v. *Ipswich,* 116 Mass. 570; *Bishop* v. *Little,* 3 Greenl. 405; *Bree* v. *Holbech,* Doug. 630; Banning on Limitations of Actions, 21. Indeed, under the facts in the case at bar, it would seem that, even in a suit in equity, the plaintiff's claim would be barred; *Farnam* v. *Brooks,* 9 Pick. 212, 245; but we have no occasion to decide this point.

The plaintiff further contended that his right of action did not arise until after demand, which was not made until 1880, and that, for this reason, this action is not barred by the statute of limitations.

We are of opinion that the plaintiff's cause of action arose immediately upon the payment of the money, and that no demand was necessary. If the plaintiff should sustain his offer of proof, the defendant held, and claimed as his own, from the moment it was paid to him, money which in equity and good conscience he ought to have immediately repaid to the plaintiff. *Dill* v. *Wareham,* 7 Met. 438. *Earle* v. *Bickford,* 6 Allen, 549. *Utica Bank* v. *Van Gieson,* 18 Johns. 485. *Hawley* v. *Sage,* 15 Conn. 52.

This case differs widely from those in which the defendant is in the rightful possession of money, making no claim to it as his own, but ready to pay it over to the rightful owner; in which it is held that no right of action arises, and that the statute does not begin to run until after a demand upon him by the party entitled to the money, and a refusal to pay it over to the rightful claimant. *French* v. *Merrill,* 132 Mass. 525. *Jones* v. *McDermott,* 114 Mass. 400. *Judgment for the defendant.*

*J. P. Treadwell,* for the plaintiff.

*T. P. Proctor,* (*E. Tappan* with him,) for the defendant.