MARY A. H. SMITH & others *vs.* INHABITANTS OF NORTON & others.

Norfolk.   March 24, 1913 — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON & DE COURCY, JJ.

*Limitations, Statute of.   Equity Jurisdiction,* Statute of limitations.

A suit in equity against a town to have a trust, under which a certain fund was paid to the defendant by the executor of a will, declared void and the fund paid to the plaintiff, who claims it through the donor's sole heir at law and next of kin, is in effect an action for money had and received, and the statute of limitations is a bar to its maintenance if it is not brought until almost twenty years after the fund was paid to the town, which has held it during the entire period as of right and without fraud or concealment.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 19, 1911, and afterwards amended, against the town of Norton, the members of its board of selectmen, the executor of the will of one Seraphine A. Carpenter and the administrator of the estate of one DeWitt Clinton Carpenter, alleging in substance that a trust under which a fund called the Hicks Reserve Fund was paid over to the defendant town by the executor of the will of one Cyrus Hicks did not constitute a public charity and was void in whole or in part because of certain of its provisions, and pray- ing that the defendant selectmen, who were holding the fund for the town, be required to account for it and to turn it over to the plaintiff.

The case was referred to L. Elmer Wood, Esquire, as master, and was reserved by *Morton,* J., for determination by the full court upon the pleadings and the master's report.

*H. T. Richardson,* for the plaintiffs.

*A. R. White,* 2nd, for the defendants.

*F. S. Hall,* for the executor of the will of Seraphine A. Car- penter and the administrator of the estate of DeWitt C. Carpenter.

MORTON, J.   The fund which is the subject of controversy in this case is called the Hicks Reserve Fund and was paid over to the town of Norton by the executor of the will of Cyrus Hicks, the donor of the fund and creator of the trust, on May 23, 1891, and ever since has been held and administered by the town through its

selectmen as elected from year to year. Cyrus Hicks died in March, 1889. The sole heir at law and next of kin to Cyrus Hicks was his sister, Seraphine A. Carpenter, who died in October, 1890, leaving a will which was duly proved and naming therein DeWitt Clinton Carpenter as her residuary legatee. By an instrument dated August 11, 1902, he assigned and transferred to one J. Everett Smith all the interest which he had "in the Hicks Reserve Fund, so-called, created by Cyrus Hicks, deceased," and appointed him his attorney "to collect said sum or any interest I may have therein." DeWitt Clinton Carpenter died September 1, 1907, and one Albert C. Goff was duly appointed administrator of his estate. This estate and that of Seraphine A. Carpenter have both been fully administered. So also, we infer, has the estate of Cyrus Hicks. J. Everett Smith died intestate November 26, 1904, without having disposed of or taken any action concerning the interest assigned to him by DeWitt Clinton Carpenter. The plaintiffs are the legal representatives and heirs at law of Smith. So far as appears the administrator of Smith's estate has made no transfer or assignment of Smith's alleged interest in the Hicks Reserve Fund. The claim against the fund sought to be enforced in this case was not inventoried as a part of the estate of Seraphine A. Carpenter. In addition to the will there was a declaration of trust by Cyrus Hicks, and by a special act passed in 1890 the Legislature authorized the town to receive the property and "to forever hold the same in trust for the uses and purposes set forth" in the will and the declaration of trust. The town previously had voted to accept the bequest. The bill in this case was filed May 19, 1911.

The plaintiffs contend that the trust does not constitute a public charity, that it is void in whole or in part because of the provisions for accumulation and that the trust is not validated by the act of the Legislature. We do not find it necessary to consider the questions thus raised. The suit is in effect an action for money had and received, and as such it seems to us that the statute of limitations is plainly a bar. The plaintiffs have no right to the fund except what they take by and through Seraphine A. Carpenter, the sole heir at law and next of kin of Cyrus Hicks, and her right, if any, or rather that of her residuary legatee DeWitt Clinton Carpenter, accrued when the executors of the will

of Cyrus Hicks paid over to the town the sums constituting the fund in question in May, 1891. The case is not one where beneficiaries are seeking to enforce their claim to a trust estate and where the statute of limitations does not begin to run against them until there has been a repudiation of the trust by the trustees, but one where from the beginning the trust is alleged to have been invalid in whole or in part, and where upon the death of Cyrus Hicks the title to the alleged trust funds vested at once it is contended in his sole heir and next of kin, free from and unincumbered by any trust; and where, upon the settlement of his estate, Mrs. Carpenter, or her residuary legatee, became entitled (if the position of the plaintiffs is right) to the immediate possession of the property. There has been no fraud or concealment of the cause of action on the part of the town or of the town authorities. The town has held the fund as of right during the whole time that they have had possession of it, and the claim, if any, of the plaintiffs to the whole or any part of it, must, as it seems to us, be deemed to have been barred by the lapse of time when the bill was filed. See *Churcher* v. *Martin*, 42 Ch. D. 312.

*Bill dismissed with costs.*