STATE NATIONAL BANK OF LYNN *vs.* BEACON TRUST
COMPANY & another.

Essex.   April 2, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Bills and Notes,* What constitutes negotiable instrument, Indorsement.
*Limitations, Statute of. Judgment. Res Judicata. Equity Pleading
and Practice,* Findings by judge. *Evidence,* Relevancy and materiality.

A bank issued a certificate signed by its cashier and reciting that a de-
positor had deposited with it a certain sum "Payable to the order of
himself on return of this certificate properly endorsed." The certifi-
cate, bearing the indorsement of the depositor's name, thereafter was
delivered to a second bank, which indorsed it, "Pay to the order of
. . . [a third bank] Prior endorsement guaranteed." The third bank
credited the account of the second bank with the amount of the
certificate and collected that amount from the first bank. In a suit
in equity involving the certificate, an agreed statement of facts re-
cited that the second bank "indorsed said certificate of deposit and
delivered the same for collection to the . . . [third bank]." A judge
found that the third bank took the certificate as a purchaser and not
as an agent for collection of the second bank. It *was stated* that the
certificate of deposit was a negotiable instrument and that the in-
dorsement was a special indorsement.
After payment by the first bank of the certificate above described, the
depositor commenced an action at law against that bank to recover
the amount thereof, contending that the indorsement of his name
on the certificate was without his authority. The second bank under-
stood that the first bank would hold it liable if the first bank were
compelled to pay the depositor, and assisted the person who indorsed
the certificate in the depositor's name in preparing the defence of the
action. In so doing, it acted for its own benefit and was privy to such
person and the first bank. Shortly before trial of the action, the second
bank and such person withdrew from the defence of the action, and,
although the first bank was diligent in defence of the action, the de-
positor secured judgment, which the first bank paid. In a suit in equity
thereafter commenced by the first bank against the second bank seeking
reimbursement, the trial judge ruled that the defendant was bound
by the judgment in the action on the issue, whether the indorsement
was by the authority of the depositor. It *was stated* that the ruling
was correct.
It appeared in the suit in equity above described that the indorsements
of the certificate of deposit and the payment of the amount thereof

by the first bank to the third bank were in March, 1921. The depositor commenced the action at law against the first bank in 1922, and the judgment therein was rendered and paid in 1926. The suit was commenced in April, 1927. The defendant pleaded the statute of limitations. There was no evidence that the plaintiff was induced to pay the certificate by fraud or that there was concealment of its cause of action. *Held,* that

(1) The plaintiff's cause of action arose when it paid the amount of the certificate to the third bank in March, 1921, and the suit was barred by the statute of limitations;

(2) Evidence, that in 1921 and 1922 there was a custom among banks to place upon negotiable instruments when transferring them an indorsement containing the words, "prior endorsements guaranteed," was immaterial in the circumstances and properly was excluded.

BILL IN EQUITY, filed in the Superior Court on April 23, 1927, and described in the opinion.

The defendants, among other defences, pleaded the statute of limitations. The suit was heard by *Lummus,* J., upon an agreed statement of facts and certain testimony, material portions of which, together with material findings by the judge, are stated in the opinion. A final decree dismissing the bill was entered by order of the judge. The plaintiff appealed.

*C. A. McCarron, (J. M. Hogan* with him), for the plaintiff.

*Lee M. Friedman, (P. D. Turner* with him,) for the defendants.

CROSBY, J.   This is a bill in equity in which the plaintiff seeks to be reimbursed for loss sustained by it by reason of having paid the amount of a certificate of deposit upon which the indorsement of the payee was forged. The defendant Beacon Trust Company acquired all the assets of the Equitable Trust Company, the other defendant, and assumed and agreed to pay all its liabilities. The record contains a statement of agreed facts, and, in addition, oral evidence received respecting matters not included therein. Upon the agreed facts and the evidence submitted the trial judge made certain findings and rulings and ordered a decree to be entered dismissing the bill. A final decree was entered accordingly from which the plaintiff appealed.

It is agreed that on April 23, 1927, when the bill was filed, the plaintiff was a national bank; that it is not now actually

engaged in banking, having been succeeded by the State National Bank in Lynn; that on August 19, 1918, the plaintiff issued a certificate of deposit payable to the order of one J. P. Brown, one of its customers and depositors, in the following form: "State National Bank Lynn, Mass., August 19, 1918 Mr. J. P. Brown has deposited with this Bank $5,019.18 Five Thousand Nineteen and 18/100 Dollars Payable to the order of himself on return of this certificate properly endorsed. E. G. Mitchell, Cashier."

Brown and one Redshaw were associated in business in a corporation known as the Globe Transportation Company; they were equally interested as stockholders, and each was an officer and director.   On or about June 30, 1919, the certificate of deposit bearing the indorsement "J. P. Brown" was delivered to the Equitable Trust Company by Redshaw as collateral security for a demand note of the Globe Transportation Company.   There had previously been transactions of a similar kind.   As the note was not paid when demanded, the Equitable Trust Company on or about March 3, 1921, "indorsed said certificate of deposit and delivered the same for collection to the Merchants National Bank of Boston."   The indorsement read: "Pay to the order of Merchants National Bank of Boston Prior endorsements guaranteed March 3, 1921 Equitable Trust Company Wallace H. Pratt, Treasurer."   The Merchants National Bank of Boston credited the account of the Equitable Trust Company with the amount of the certificate.   It then indorsed it: "Pay any Bank or Trust Company or order Prior endorsements guaranteed March 3, 1921 Merchants National Bank of Boston By F. C. Waite, Cashier," and delivered it to the Lynn Safe Deposit and Trust Company which, in turn, indorsed it: "Pay to the order of any Bank, Banker or Trust Company, March 4, 1921 Lynn Safe Deposit & Trust Company Prior endorsements guaranteed William Dunbar, Treasurer," and presented it to the plaintiff for payment on March 4, 1921.   The plaintiff thereupon paid the Lynn Safe Deposit and Trust Company the amount of the certificate with accrued interest.

On July 1, 1922, Brown, by his attorney, made demand in

writing upon the plaintiff for payment of the amount of the certificate with accrued interest.    On July 12, 1922, he commenced an action in the Superior Court against the plaintiff to recover the amount of the certificate, it being his contention that his name on the back of the certificate was placed there by Redshaw without his authority.    Correspondence followed between counsel for the State National Bank and the Equitable Trust Company.    The former notified the latter that it would hold the trust company liable as an indorser.

The trial judge found upon oral evidence, in addition to the agreed facts, that the Equitable Trust Company well understood that if the present plaintiff should be compelled to pay, it would hold the Equitable Trust Company liable; that the trust company assisted said Redshaw in obtaining counsel and in preparing him to undertake as he did the defence of that action in the place of the present plaintiff; that in so doing the trust company was privy with Redshaw and the present plaintiff and acted for its own benefit as well as for the benefit of Redshaw; that the trust company well knew from the time the action was brought that it would be permitted, if it desired, to undertake the defence of the action in the place of the present plaintiff; that the present plaintiff, left on the eve of trial with the necessity of defending itself without further help from Redshaw or the trust company, defended itself diligently yet lost the case, and was compelled to pay Brown on March 26, 1926.    Judgment was rendered in that action of Brown against the present plaintiff on February 2, 1925.    Upon these facts the trial judge ruled that the present defendants were bound by the judgment in that case and could not retry the question whether the indorsement of the certificate of deposit by Redshaw was authorized by Brown.    It is plain that this ruling was correct.    Execution issued on the judgment against the State National Bank and was returned in no part satisfied.

Thereafter Brown brought a bill in equity in the Superior Court against the State National Bank of Lynn and the State National Bank in Lynn to enforce payment of the judgment.    On March 24, 1926, a decree was entered in that

suit in favor of the plaintiff against the State National Bank of Lynn for $6,513.58 and costs, and execution issued therefor and was paid by the plaintiff in this suit.  It is agreed that if the Equitable Trust Company is liable to the plaintiff in this suit for any amount the Beacon Trust Company is bound to pay the same.  It was also agreed that the "Equitable Trust Company on or about March 3, 1921, endorsed said certificate of deposit and delivered the same for collection to the Merchants National Bank of Boston."  The trial judge found: "While the agreed facts state that the delivery of the certificate to the Merchants National Bank was for collection, the indorsements were not restrictive (G. L. c. 107, § 59), and the transaction seems to have been a sale of the instrument at least to the Merchants National Bank for present consideration, the indorsee Merchants National Bank relying upon the indorsement."

. The plaintiff contends that the finding of the judge, that the Merchants National Bank took the certificate as a purchaser and not as agent for collection, is erroneous in view of the statement to the contrary in the agreed facts.  The certificate of deposit in the case at bar is a negotiable instrument and is governed by the provisions of G. L. c. 107.  *National Surety Co.* v. *Commissioner of Banks*, 243 Mass. 218, 220, and cases cited.  The indorsement was a special indorsement. G. L. c. 107, § 57.

Without considering other questions argued, we think it plain that the statute of limitations, which has been pleaded, is a bar.  It was held in *Farnam* v. *Brooks*, 9 Pick. 212, 242, 243, and in many subsequent decisions of this court, that the statute of limitations in general applies equally in equity and at law.  *Young* v. *Walker*, 224 Mass. 491, 493.  *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 13.  *Leach* v. *Leach*, 238 Mass. 100, 104.  *Geldert* v. *Usher*, 248 Mass. 323, 326.  In the case at bar the plaintiff was required to bring suit within six years from the time its cause of action accrued. It is clear that the cause of action arose on March 4, 1921, when the plaintiff made the payment to the Lynn Safe Deposit and Trust Company of the amount of the certificate of deposit.

It was held in *Sturgis* v. *Preston*, 134 Mass. 372, that an action of contract for money had and received was barred by the statute of limitations although the money was paid under a mutual mistake of fact, there being no evidence of fraud. It was also there held that the cause of action arose immediately upon payment of the money; and it was intimated that a suit in equity in the same circumstances would be barred, citing *Farnam* v. *Brooks, supra,* at page 245. There is nothing in *Gould* v. *Emerson,* 160 Mass. 438, which affects the force of what was decided in *Sturgis* v. *Preston, supra.* Where money is paid by reason of a mutual mistake of fact, a cause of action arises at once, and the mere continuance of the mistake does not suspend the operation of the statute either at law or in equity. *Bank of United States* v. *Daniel,* 12 Pet. 32, 56. *Leather Manufacturers' Bank* v. *Merchants' Bank,* 128 U. S. 26, and cases cited.

On the other hand, where a payment is induced by fraud and there is a fraudulent concealment of the cause of action, the statute runs in equity from the time the plaintiff discovers the fraud. *Thompson* v. *Owen,* 249 Mass. 229, 234. The general principles governing fraudulent concealment of a cause of action have been considered in many cases in this Commonwealth. *Wells* v. *Child,* 12 Allen, 333, 335. *Sykes* v. *Meacham,* 103 Mass. 285. *Atlantic National Bank* v. *Harris,* 118 Mass. 147. *Spelman* v. *Talbot,* 123 Mass. 489. *Brooks* v. *Rayner,* 127 Mass. 268. *Powow River National Bank* v. *Abbott,* 179 Mass. 336. *Bay State Gas Co.* v. *Lawson,* 188 Mass. 502. *Smith* v. *Norton,* 214 Mass. 593, 595. *O'Brien* v. *McSherry,* 222 Mass. 147, 150. *Thompson* v. *Owen, supra.* As there was no evidence of any fraud or concealment of the cause of action in the present case, and as the bill was not filed within six years from March 4, 1921, when the certificate of deposit was paid by mistake by the plaintiff, any claim which the plaintiff may have had must be deemed to be barred by the statute. To reach a different result would be contrary to what was decided in *Sturgis* v. *Preston, supra,* and *Leather Manufacturers' Bank* v. *Merchants' Bank, supra.* In no case decided by this court do we find anything to show that the law as stated in *Sturgis* v. *Preston*

has been modified or overruled; on the contrary, that case is cited in *O'Brien* v. *McSherry, supra.*

The plaintiff offered evidence to show that in 1921 and 1922 there was a well established custom among trust companies in Massachusetts to place upon negotiable instruments when transferring the same an indorsement containing the words "prior endorsements guaranteed." This evidence was excluded by the trial judge, subject to the plaintiff's exception. Parties are bound by the provisions of the negotiable instruments act so far as applicable. A custom is of no effect when contrary to a rule of law. *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 600. *Conahan* v. *Fisher*, 233 Mass. 234. If the evidence of custom could be held to be admissible for any purpose, which we need not decide, it was immaterial in view of the conclusion reached that the suit is barred by the statute of limitations.

It follows that the final decree dismissing the bill must be affirmed.

*Ordered accordingly.*