THE STONEHAM FIVE CENTS SAVINGS BANK *vs.* ARTHUR JOHNSON & another, executors, & others.

Middlesex. May 19, 1936. — September 12, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice*, Exceptions. *Equity Jurisdiction*, Reformation, Mistake. *Mortgage*, Of real estate: reformation, foreclosure. *Bona Fide Purchaser*. *Executor and Administrator*, Insolvent estate, Claim against estate. *Limitations, Statute of*.

A defence based on the statute of frauds, not having been raised either by demurrer or answer in a suit in equity to reform a mortgage, was not considered by this court.

Creditors of an insolvent estate, who had advanced credit to the decedent without knowledge of the fact that, through mutual mistake on the part of the decedent and of the mortgagee, a mortgage of real estate given by the decedent had failed to include all the property intended by the parties, and who had proved their claims in the insolvency proceedings, had no standing in equity superior to the equitable right of the mortgagee for reformation of the mortgage.

A mortgagee, who purchased at a foreclosure sale of his mortgage in ignorance of the facts that through mutual mistake of himself and the mortgagor, who had died before the sale, the description in the mortgage omitted a lot intended by them to be included and that the mistake was repeated in the notice of sale and the foreclosure deed, was entitled in a suit in equity against the holder of the legal title to the omitted lot to a decree ordering conveyance to him of the lot omitted, where the sale was actually conducted in accordance with a statement by the auctioneer that the property sold included the omitted lot and a new sale "would be no advantage to" the defendant, who had discovered the mistake before the sale.

A suit in equity by a mortgagee, purchaser at a sale in foreclosure of the mortgage, against a devisee under the will of the mortgagor whose estate had been adjudged insolvent, to require conveyance to the plaintiff of premises omitted from the mortgage by reason of mutual mistake was not an action to collect a debt but was a suit by an equitable owner to enforce his title, and the plaintiff was not required

to prove a claim in the insolvency proceedings, nor was his suit subject to the short statute of limitations, G. L. (Ter. Ed.) c. 197, § 9.

The general statute of limitations does not begin to run against a mortgagee's suit for reformation of the mortgage on the ground of mutual mistake until he has discovered or should have discovered the mistake.

BILL IN EQUITY, filed in the Superior Court on October 1, 1935, for the reformation of a mortgage.

The suit was heard by *Morton,* J., who made a statement of findings of fact and rulings of law and ordered a decree in favor of the plaintiff. The defendants alleged exceptions.

In response to requests by the defendants for findings of fact, the judge found that actions, which still were pending, had been brought by certain creditors of the estate of the defendants' testate before it was represented insolvent, and that after such representation fifteen creditors had proved their claims in the Probate Court. The judge ruled, however, that such facts were immaterial and refused to rule in substance that those creditors who had proved their claims and who had advanced credit to the defendants' testate without knowledge of the mistake of the plaintiff and of the defendants' testate as mortgagor were in the position of purchasers for value without notice of the plaintiff's claim and entitled to an equity superior to that of the plaintiffs.

*W. E. Waterhouse,* for the defendants.

*H. Williams,* for the plaintiff.

LUMMUS, J. The adoption by the trial judge of the practice, already disapproved by this court, of granting or denying by reference numbered requests for findings of fact, which have to be compared and fitted with each other and with other findings made in narrative form, has unnecessarily increased the difficulty of discovering and stating the facts. *Manfredi* v. *O'Brien,* 282 Mass. 458, 460. *Zarthar* v. *Saliba,* 282 Mass. 558, 560. *Peabody Gas & Oil Co.* v. *Standard Oil Co. of New York,* 284 Mass. 87, 92.

On April 11, 1929, one David H. Pingree borrowed $6,000 from the plaintiff bank, and gave therefor his note payable in one year, secured by a mortgage deed which was intended by the parties to convey two adjoining lots of land in Melrose upon which was a two-family house covering parts of

both lots. By a clerical mistake in drawing the mortgage deed, only one of the lots was described. Pingree died on December 22, 1932, while in default in payment of the principal of the mortgage and of taxes upon both lots, which were assessed together. The defendants, who were executors and trustees under his will proved and allowed on January 27, 1933, thought as Pingree had thought that the mortgage covered both lots. This is shown by their inventory and their petition for a license to sell the property as a whole subject to the mortgage. The defendants paid no taxes, even after request made by the plaintiff, and the property was taken for taxes by the city in 1933. On July 10, 1935, the plaintiff paid off the taxes for 1931, 1932, 1933 and 1934, amounting to $1,635.32, which had been assessed on the entire property, and obtained from the city of Melrose a deed of redemption and release running to the "present owner of the premises."

Having taken possession of the property, after due advertisement the plaintiff conducted a foreclosure sale on August 27, 1935, and bought in the property for $7,743.70, which was the full market value of the entire property. The auctioneer stated that the property to be sold comprised the entire property, consisting of the house and the surrounding land. But because of the same clerical mistake the advertisement of sale described only one of the lots. The defendants discovered the mistake before the sale on August 27, 1935, but said nothing and did nothing until September 26, 1935, when one of them wrote to the plaintiff, offering to sell the lot not included in the mortgage deed and the half of the house which stood on that lot. The plaintiff had no knowledge of the mistake until the receipt of that letter.

If the lot not included in the description in the mortgage is nevertheless taken to be covered by the mortgage, and not to be an unencumbered asset of the estate of Pingree, his estate is insolvent, and it has been so represented. Some of the creditors had brought actions against the executors before the estate was represented insolvent.

On a bill by the plaintiff, filed October 1, 1935, to restrain

the defendants from conveying their legal title to the lot not included in the description in the mortgage and to compel them to convey said lot to the plaintiff, a final decree was entered, ordering them to convey as prayed for. The defendants filed a bill of exceptions which purports to raise only the refusal of the judge to grant twelve requested rulings of law, after granting one.

It is now settled, that requests for rulings of law presented to a judge, which were unknown to general equity practice, have no technical standing in equity cases brought up on appeal. *Graustein* v. *Dolan*, 282 Mass. 579, 583, 584. *Norcross* v. *Mahan*, 283 Mass. 403, 404. *Albert Richards Co. Inc.* v. *Mayfair, Inc.* 287 Mass. 280, 284. *Howland* v. *Stowe*, 290 Mass. 142, 146. *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151, 157–158. *McGrath* v. *C. T. Sherer Co.* 291 Mass. 35, 60. *Estey* v. *Gardner*, 291 Mass. 303, 308. *Worcester Bank & Trust Co.* v. *Ellis*, 292 Mass. 88, 94. We need not consider in this case whether they stand any better, or need be dealt with, in equity cases heard by a judge and brought up on exceptions. Equity cases can be found in which such requests have been considered on exceptions, but in none of them was the question of practice discussed. Even if such requests need not be dealt with, we assume without deciding that the denial of twelve requests, while granting another, may be deemed the actual making of rulings of law that can be brought up on exceptions under G. L. (Ter. Ed.) c. 231, § 113. See *Dorr* v. *Tremont National Bank*, 128 Mass. 349, 354–357; *Parker* v. *Nickerson*, 137 Mass. 487, 491; *Zeo* v. *Loomis*, 246 Mass. 366, 369. Therefore we proceed to deal with the merits of the rulings requested.

The statute of frauds is not set up by demurrer (*Quinn* v. *Quinn*, 260 Mass. 494, 497; *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199, 204; *Denvir* v. *North Avenue Savings Bank*, 290 Mass. 133,) nor by answer. *Livingstone* v. *Murphy*, 187 Mass. 315, 318. *Lurie* v. *Pinanski*, 215 Mass. 229, 231. *McDonald* v. *Fitch*, 281 Mass. 528, 532. *Beacon Oil Co.* v. *Maniatis*, 284 Mass. 574, 576. Compare *Tourtillotte* v. *Tourtillotte*, 205 Mass. 547, 551, 552. Consequently

we need not consider cases like *Glass* v. *Hulbert*, 102 Mass. 24, *Tracy* v. *Blinn*, 236 Mass. 585, and *Andrews* v. *Charon*, 289 Mass. 1.

The creditors of the estate of Pingree were not attaching creditors of the property in question, and could not have been without leave of the Probate Court under G. L. (Ter. Ed.) c. 230, § 7. They brought no action in Pingree's lifetime, and if they had done so any attachment would have been dissolved under G. L. (Ter. Ed.) c. 223, § 116; c. 235, § 51. There is nothing in the argument that because they could not become attaching creditors they are to be given the same anomalous standing as purchasers for value which attaching creditors have under the laws of this Commonwealth. *Cowley* v. *McLaughlin*, 141 Mass. 181, 182. *Waltham Co-operative Bank* v. *Barry*, 231 Mass. 270, 273. *Hillside Co-operative Bank* v. *Cavanaugh*, 232 Mass. 157, 161. *American Soda Fountain Co.* v. *Parsons*, 32 Fed. (2d) 737.

Creditors other than attaching creditors are entitled to satisfaction out of the estate of their debtor only subject to such equitable rights as may exist against it. *Chace* v. *Chapin*, 130 Mass. 128. *Smythe* v. *Sprague*, 149 Mass. 310. *Edwards* v. *Barnes*, 167 Mass. 205. *Federal National Bank of Boston* v. *Gaston*, 256 Mass. 471. *Goodhue* v. *State Street Trust Co.* 267 Mass. 28, 43. *O'Gasapian* v. *Danielson*, 284 Mass. 27. *Worcester Bank & Trust Co.* v. *Nordblom*, 285 Mass. 22. *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 559. *Foley* v. *Commissioner of Banks*, 292 Mass. 83, 86. *Kamberg* v. *Springfield National Bank*, 293 Mass. 24, 26. *Zartman* v. *First National Bank of Waterloo*, 216 U. S. 134. *Sexton* v. *Kessler & Co. Ltd.* 225 U. S. 90. "In cases of mutual mistake, relief is afforded against those who claim under the grantor except against those who by reason of being *bona fide* holders for value without notice have an equity superior to the grantee." *Burke* v. *McLaughlin*, 246 Mass. 533, 538. The foreclosure of its mortgage and its purchase on foreclosure sale did not deprive the plaintiff of its right to reformation. At the time of the foreclosure the defendants knew of the mistake, and the finding is that "there would be no advantage to the defendants in holding

a new sale." See cases collected in 73 Am. L. R. 626–630, and 89 Am. L. R. 1444, 1450.

The plaintiff, being entitled to reformation and not merely to a dividend, had no occasion to prove a claim against the insolvent estate of Pingree. See *Cunningham* v. *Munroe*, 15 Gray, 471. Although the bill was not filed within the year allowed for actions by creditors against executors by the short statute of limitations (G. L. [Ter. Ed.] c. 197, § 9), this suit is not barred. This suit "is not an action by a creditor to collect his debt, but a suit by an equitable owner to enforce his title." *Nashua Savings Bank* v. *Abbott*, 181 Mass. 531, 537. *Johnson* v. *Ames*, 11 Pick. 173, 180. *National Bank of Troy* v. *Stanton*, 116 Mass. 435, 439. *Harlow* v. *Dehon*, 111 Mass. 195, 198. *Cowley* v. *Twombly*, 173 Mass. 393, 396.

The general statute of limitations has been held to run from the receipt of money by mistake, in actions at law to recover the money, even though the mistake was then undiscovered. *Sturgis* v. *Preston*, 134 Mass. 372. *State National Bank of Lynn* v. *Beacon Trust Co.* 267 Mass. 355, 359. *Baker* v. *Courage & Co.* [1910] 1 K. B. 56. *In re Robinson*, [1911] 1 Ch. 502. *Morton* v. *Nevada*, 41 Fed. 582, affirmed 52 Fed. 350. *Maxwell* v. *Walsh*, 117 Ga. 467. *McNeely* v. *Philadelphia National Bank*, 314 Penn. St. 334. In Massachusetts, statutes of limitation apply of their own force to suits in equity. *Farnam* v. *Brooks*, 9 Pick. 212, 242, 243. *Johnson* v. *Ames*, 11 Pick. 173, 182. *Baker* v. *Atlas Bank*, 9 Met. 182, 195, 196. *State National Bank of Lynn* v. *Beacon Trust Co.* 267 Mass. 355, 359. We need not consider whether the special rules governing suits by a *cestui* against a trustee are exceptions or merely illustrations. *Lufkin* v. *Jakeman*, 188 Mass. 528, 530, 531. *Sunter* v. *Sunter*, 190 Mass. 449, 456. *Bremer* v. *Williams*, 210 Mass. 256. *Geldert* v. *Usher*, 248 Mass. 323, 326. *Robertson* v. *Hirsh*, 276 Mass. 452, 454. *Epstein* v. *Epstein*, 287 Mass. 248, 254. *Stuck* v. *Schumm*, 290 Mass. 159. The decisive point in this case is, that in Massachusetts and many other jurisdictions, for one reason or another, the statute of limitations does not begin to run against an equitable cause of

action for the reformation of an instrument because of mistake, in a case of this sort, until the mistake has been or ought to have been discovered. *Gould* v. *Emerson*, 160 Mass. 438, 440. See also *Dodge* v. *Essex Ins. Co.* 12 Gray, 65, 71; *Livingstone* v. *Murphy*, 187 Mass. 315, 318. On the facts, the defence of laches was not made out as matter of law.

*Exceptions overruled.*