Duff, J.
This is an action of tort for deceit to recover part of the money paid by plaintiffs as interest on a mortgage note, which interest was figured at 7%, on the ground that defendant fraudulently deceived the plaintiffs into signing the obligation at 7% by representing that the rate was 6% in accordance with a previous agreement.
The case was submitted on an “Agreed Statement of Facts” from which it appeared that in 1923 plaintiffs, who could speak only Portuguese, consulted defendant, who also could speak Portuguese, about the purchase of real estate, that plaintiffs refused to pay more than 6% on a mortgage, *268 that defendant arranged a sale, telling plaintiffs the mortgage interest was 6%, that plaintiffs did not need a lawyer, as they conld rely entirely on defendant and his attorney; later, all parties met in the Registry of Deeds, plaintiffs were told the rate was 6%, and that they should sign, plaintiffs were given no opportunity to read the note and mortgage, hut signed, relying entirely on defendant and his statement that the interest was 6%, which was false to defendant’s knowledge; as the interest was in fact 7%; and that later defendant gave plaintiffs a memorandum of adjustments reciting the interest rate as 6%; that thereafter the plaintiffs, who, on getting notice from a bank, consulted defendant who said it was the usual practise and volunteered to make their payments for them, made regular payments through defendant on notice from a bank of lump sums in which principal and interest were not separated; and this continued till February, 1932, when plaintiffs went to the bank and discovered for the first time that the rate of interest was 7 %, since which time they have paid interest at the rate of 6%.
The defendant reserved “the right to controvert any of the facts should there be a later trial of the merits.” (Report page 4.)
Plaintiffs filed the following request for ruling, “The plaintiffs’ cause of action is not, as matter of law, barred by the Statute of Limitations.”
The Court denied the request and found for the defendant.
This action was brought February 11, 1936.
The question here is whether the plaintiffs were entitled to the ruling requested.
We think they were. Defendant would not have been entitled to a ruling that the Statute was as a matter of law a bar.
*269 Gen. Laws Ch. 260 §12 (Ter. Ed.) provides that “If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.” The agreed facts would warrant a finding that defendant had fraudulently concealed from the plaintiffs the cause of action against him, which plaintiffs did not discover till February, 1932. Connelly v. Bartlett, 286 Mass, at p. 317 et seq. and cases cited. Jekshewitz v. Groswald, 265 Mass. 413 at 417-3. The cases cited by defendant Stoneham Five Cents Savings Bank v. Johnson et al., 1935 Advance Sheets p. 1769; State National Bank of Lynn v. Beacon Trust Co., 267 Mass. 355, do not conflict with our view of the possible application of G. L. Ch. 260 § 12 (Ter. Ed.) to the conclusions warrantably to be reached by the court on a trial of the merits under the right reserved. The ruling requested by the plaintiffs, in effect, that on the agreed facts they were not barred by the Statute of Limitations “as a matter of law” should have been given.
The ruling reported is somewhat like that considered in Woods v. Pease, No. 11354 (49-36) App. Div. Rep. It is somewhat uncertain whether it meant, and whether the judge understood it to mean, that the law forbade him, on the agreed facts, to sustain the plea, or merely that the law permitted, but did not require him to find concealment of the cause of action which would defeat the bar of the statute. Such dubious use of language in requests ought to be discouraged. It would not have been difficult to draft a request which would have contained no uncertainty of meaning. But the judge denied the request without comment, and found generally for the defendant. We think in the interest of justice that the case should be re-tried, as *270 the “Agreed Statement of Facts” permits a finding of fraudulent concealment.
In view of the position taken by the defendant in argument that although the plaintiffs did not know, they “ought to have known” what the interest rate actually was, it may be observed that, while a failure to know what a man of normal intelligence would know may be held equivalent to real knowledge when it induces an innocent change of position, there is little justice in letting one who has cheated another say that the latter ought to have known sooner than he did that he had been cheated, so as to give the cheater a legal escape from his own fraud. He has not innocently changed his position.
The finding for the defendant should be vacated and there should be a New Trial.
So ordered.