Commonwealth *vs.* Marinucci Bros. & Co. Inc.

Suffolk. November 4, 1968. — December 2, 1968.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, Spiegel, & Reardon, JJ.

*Practice, Criminal,* Placing case on file. *Mistake. Restitution. Payment.*

Where a count of an indictment against a contracting corporation for larceny from the Commonwealth was placed on file "on condition that . . . [the defendant] make restitution to the Commonwealth in an amount equal to that charged for . . . [certain] disputed items [under a highway contract] as the parties shall determine," there was no "order" of restitution which the court could amend, and an exception by the defendant to denial of its subsequent motion "that the order of restitution . . . be amended" by reducing the amount of restitution determined by the parties and repaid by the defendant by a sum which had been included in such amount by mutual mistake and that the Commonwealth be ordered to pay that sum to the defendant was overruled.

Indictment found and returned in the Superior Court on April 16, 1962.

A motion by the defendant was heard and denied by *Quirico,* J.

*James F. Sullivan* for the defendant.

*Robert C. Gerrard,* Assistant Attorney General, for the Commonwealth.

CUTTER, J. On June 27, 1962, the defendant corporation (Marinucci) filed pleas of guilty to twenty-seven counts charging larceny from the Commonwealth's Department of Public Works (the department). On each of these counts it was fined. A further count (No. 28) was placed on file "on condition that . . . [Marinucci] make restitution to the Commonwealth in an amount equal to that charged for . . . [certain] disputed items [under a highway contract] as the parties shall determine."

The parties thereafter submitted to the trial judge the sum of $212,282 as the amount to be paid in restitution. This amount was paid, apparently on June 27, 1962, to the Commonwealth and was "credited by it as an overpayment on peat, excavation, and backfill" in the semifinal estimate of the amount due to Marinucci under the contract. It was also shown as a credit on a final estimate furnished to Marinucci on March 12, 1965, by the department. After the final estimate was received, it was discovered that Marinucci in 1962 "through oversight" had made an excessive restitution of $19,298.30 because one provision of the contract specifications had not been considered adequately.

Marinucci, on July 9, 1965, filed what it entitled "Motion to Amend Order of Restitution." This brought the excessive restitution to the court's attention and asked "that the order of restitution . . . be amended" by reducing the sum to be repaid from $212,282 to $192,983.70 and that "$19,298.30 be ordered paid" by the Commonwealth to Marinucci. A hearing was held on this motion on September 17, 1965. The evidence then disclosed the $19,298.30 overpayment in restitution. The motion was denied on September 28, 1965. The bill of exceptions presents for decision the correctness of this denial.

On February 8, 1968, the Commonwealth and Marinucci, with the permission of the trial judge, stipulated that the department by letter to an assistant attorney general had admitted it had given the Attorney General "figures which caused Marinucci . . . to reimburse the State . . . $19,298.30 in excess of what . . . [it] actually owed the

State." We interpret this stipulation as a formal admission that the Commonwealth in fact was overpaid because of a mutual mistake and that, in an appropriate proceeding, $19,298.30 should be ordered repaid to Marinucci.[1]

1. The docket, the record, and the original papers in the Superior Court show no entry of an "order" of restitution in June, 1962. Count 28 of the indictment appears merely to have been placed on file "on condition" that restitution be made in an amount to be determined by the parties. The matter was left to be settled by agreement of the parties to the pending contract, then not finally adjusted. There was thus no "order" of restitution which the court could amend.

2. Upon count 28, no sentence was imposed. We assume that the case could have been taken from the files for the purpose of imposing a sentence, if any default in making restitution had occurred. See *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 136; *Marks* v. *Wentworth,* 199 Mass. 44, 45; *Commonwealth* v. *Carver,* 224 Mass. 42, 44. Thus there was no basis for seeking revision of the terms of a sentence where none was imposed. See G. L. c. 278, § 29C (inserted by St. 1962, c. 310, § 2).

3. The Commonwealth has consented to be sued at law or in equity under G. L. c. 258. This record, however, reveals no proceeding under that chapter. It deals with a motion in a criminal matter only. There is no basis for considering what relief may be obtained in a proceeding under c. 258. See *East Coast Aviation Corp.* v. *Massachusetts Port Authy.* 346 Mass. 699, 709. See also G. L. c. 260, § 3A (inserted by St. 1943, c. 566, § 1); *Campanella & Cardi Constr. Co.* v. *Commonwealth,* 351 Mass. 184, 187.

*Exceptions overruled.*

---

[1] It does not appear on this record why this has not already been done voluntarily, in connection with final settlement of the pending contract or otherwise, as a matter of equity and to avoid unjust enrichment of the Commonwealth.