MARINUCCI BROS. & CO. INC. *vs.* COMMONWEALTH. November 2, 1970. A contractor seeks to recover from the Commonwealth under G. L. c. 258 an excessive restitution by it (on June 27, 1962) of amounts overpaid to it by the Commonwealth in connection with a contract. See *Commonwealth* v. *Marinucci Bros. & Co. Inc.* 354 Mass. 743, where (a) no relief was granted because that proceeding was not under c. 258, but (b) there was strong intimation that the Commonwealth should refund the contractor's admitted restitution overpayment of $19,298.30 "as a matter of equity and to avoid unjust enrichment of the Commonwealth." The sole exception set out in the bill of exceptions is to the general finding of the trial judge (sitting without jury) for the Commonwealth. No rulings were requested by the plaintiff. See *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167; *Spencer* v. *Robert Lawrence, Inc.* 347 Mass. 765; *True* v. *American Fid. Co.* 352 Mass. 764. The only issue argued by either party is whether correction of the injustice is barred by the three year statute of limitations found in G. L. c. 260, § 3A. This petition under c. 258 was brought on November 28, 1966, within three years after the semifinal estimate of work under the contract (January 9, 1964). It does not appear to be disputed that, on the semifinal estimate, the excessive restitution was taken into account in the computation. The Commonwealth itself asserts that "the facts are uncontroverted." We deal with the case on the issue argued by the parties. The excessive payment is to be regarded as one of the continuing adjustments under the contract (including the semifinal

contract settlement computation; see *Campanella & Cardi Constr. Co.* v. *Commonwealth*, 351 Mass. 184) rather than as an attempt to recover money paid by mistake (with no allegations of fraud or concealment) where the cause of action arises at once upon the mistaken payment. Cf. *Sturgis* v. *Preston*, 134 Mass. 372, 373; *State Natl. Bank* v. *Beacon Trust Co.* 267 Mass. 355, 360. Recovery is not barred by § 3A.

*Exceptions sustained.*

*James F. Sullivan* for the plaintiff.
*Leonard A. Bonfanti*, Deputy Assistant Attorney General, for the Commonwealth.