NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-802

SHU HUA LIN

vs.

HSIANG YING LIN & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff brought suit for unjust enrichment, among other claims, seeking to recover from the defendants the monetary contributions she made toward the purchase and maintenance of a condominium in Brighton.  After a jury-waived trial, a Superior Court judge found for the plaintiff on her unjust enrichment claim and awarded her $50,000 with prejudgment interest.  The defendants appeal, arguing that the plaintiff's claim is barred by the statute of limitations and the doctrine of unclean hands and that the judge erred in determining the

_____

[1] Michael Pang.

amount of the award and by adding prejudgment interest.  We affirm.[2]

Background.  The plaintiff and defendant Hsiang Ying Lin (Lin) are two of seven sisters.  In 2005 the plaintiff, Lin, and another sister Amy discussed purchasing the condominium for Lin to occupy with their mother.  When Lin expressed hesitance to assume the financial burden of home ownership, the plaintiff and Amy assured her they would help with the mortgage, condominium fees, and some of the utilities and expenses.

Thereafter, Lin alone executed the purchase and sale agreement, which reflected a purchase price of $230,690.  The plaintiff and Amy each provided $10,000 toward the down payment.  Lin took title to the condominium in June 2005 and then lived there with the sisters' mother for the next two to two and one-half years.  During that time the plaintiff and Amy each paid approximately one third of the monthly bill for the mortgage and condominium fees and contributed toward various living expenses.

In 2008 the plaintiff and her family lived in the condominium for a few months.  Lin moved in again in 2009 and at some point was joined by defendant Michael Pang, who is now

_____

[2] The judge found in favor of the defendants on their counterclaim for breach of contract and awarded them $30,750 in damages with prejudgment interest.  The plaintiff did not appeal from that judgment, nor did she appeal from so much of the judgment as dismissed the remaining counts of her complaint.

2

Lin's husband. In 2010 they moved out and began leasing the condominium. The last payment that the plaintiff made to Lin in relation to the condominium was on August 20, 2009.

In 2018, during discussions about the plaintiff's repayment of a loan, a dispute arose among the parties regarding their respective interests in the condominium. The plaintiff claimed in an e-mail message that she owned part of the condominium and that Lin still owed her and Amy "all the profit" Lin had realized "since [they] purchased the apartment back in 2005." In a series of e-mail messages dated June 21, 2018, Lin replied that the plaintiff had no interest in the condominium and that she (Lin) "own[ed] the property 100%" and did not "owe [the plaintiff] anything."

The plaintiff filed this suit on July 23, 2019.

Discussion. 1. Statute of limitations. The parties agree that the plaintiff's unjust enrichment claim is subject to the six-year statute of limitations governing contract actions. See G. L. c. 260, § 2; Suffolk Constr. Co. v. Benchmark Mechanical Sys., Inc., 475 Mass. 150, 156 (2016). The defendants assert that this six-year period began running on August 20, 2009 -- the date that the plaintiff made her last payment relating to the condominium -- and that her claim, filed almost ten years later, is therefore untimely. The trial judge concluded to the contrary that the claim accrued under the discovery rule on June

3

21, 2018, when Lin first claimed that she owned one hundred percent of the condominium and owed the plaintiff nothing. We agree with the judge.

"Unjust enrichment is defined as retention of money or property of another against the fundamental principles of justice or equity and good conscience." Sacks v. Dissinger, 488 Mass. 780, 789 (2021), quoting Santagate v. Tower, 64 Mass. App. Ct. 324, 329 (2005). Thus, because the retention of something belonging to another is the crux of the cause of action, the plaintiff's claim did not accrue until she knew, or reasonably should have known, that the defendants intended to retain the money she paid toward the purchase and maintenance of the condominium. See Harrington v. Costello, 467 Mass. 720, 727 (2014) ("a cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that [1] he has suffered harm; [2] his harm was caused by the conduct of another; and [3] the defendant is the person who caused that harm"). The record shows that the plaintiff did not realize this harm (that the defendants intended to retain her money) until June 21, 2018, when Lin sent her e-mail messages claiming that she owned one hundred percent of the condominium and owed the plaintiff nothing. The defendants raise no argument that the plaintiff with reasonable diligence could have discovered the harm sooner.

4

Instead, relying on cases concerning the cause of action for money had and received, the defendants argue that the plaintiff's claim accrued, as a matter of law, at the time of her last payment and that the discovery rule does not apply absent some showing of fraud.  But the cases the defendants cite are inapposite because they involve claims to recover payments made by mistake.  See Suffolk Constr. Co., 475 Mass. at 156; New Bedford v. Lloyd Inv. Assocs., 363 Mass. 112, 118 (1973); State Nat'l Bank of Lynn v. Beacon Trust Co., 267 Mass. 355, 359-360 (1929).  A cause of action to recover payments made by mistake accrues "at once" because its elements are established at the time of the mistake.  State Nat'l Bank of Lynn, supra at 360.  See Sturgis v. Preston, 134 Mass. 372, 373 (1883) ("plaintiff's cause of action [for money had and received] arose immediately upon the payment of the money" because "the defendant held, and claimed as his own, from the moment it was paid to him, money which in equity and good conscience he ought to have immediately repaid").  In contrast here, the plaintiff made the payments to Lin not by mistake, but with the expectation that she would later be compensated.  As it did not come to light until June 2018 that the defendants did not intend to compensate her, the plaintiff's unjust enrichment claim, filed a little over one year later, was timely.  See Sturgis, supra ("This case differs widely from those in which the defendant is in the rightful

5

possession of money, making no claim to it as his own, but ready to pay it over to the rightful owner; in which it is held that no right of action arises, and that the statute does not begin to run until after a demand upon him by the party entitled to the money, and a refusal to pay it over to the rightful claimant"). See also Suffolk Constr. Co., supra at 157 (claim to recover moneys paid by mistake was time barred, but claim for unjust enrichment was not).

2. Unclean hands. The defendants next contend that the plaintiff is foreclosed from recovering on her unjust enrichment claim because the judge's findings on her other claims show that the plaintiff told "major lies" to try to justify her case. We understand the defendants to be arguing that, because the judge found certain aspects of the plaintiff's testimony not credible, the doctrine of unclean hands bars the plaintiff from recovering on any of her claims. The defendants cite no legal authority in support of this proposition, and so their argument is waived. See Halstrom v. Dube, 481 Mass. 480, 483 n.8 (2019). Furthermore, to the extent the defendants raised the argument below, they did not do so in a clear enough fashion to put the judge on notice of it. Their argument is waived for this additional reason. See id.

3. Amount of award. The defendants challenge the amount of the award on two grounds. They first contend that the judge

erred by considering the current value of the condominium in determining the value of the benefit that the plaintiff conferred on the defendants. We are unpersuaded. Because "measuring restitution for unjust enrichment poses special difficulties, . . . trial judges need 'considerable discretion' to fashion appropriate remedies." Bonina v. Sheppard, 91 Mass. App. Ct. 622, 626 (2017), quoting Restatement (Second) of Contracts § 371 comment a (1981). Here, the judge found that it was the expectation of all parties that the plaintiff (and Amy) "would realize some form of repayment for their contributions toward [Lin's] ownership of the unit" and noted that Lin forgave a considerable debt that Amy owed her "based upon Amy's one third contribution and in light of the unit's potential sale value." The judge further found that the plaintiff's payments, totaling $34,048 from 2005 to 2009, contributed to the maintenance of the condominium; that the condominium had appreciated more than 62.5 percent since the purchase; and that, although the plaintiff was never involved in managing the condominium, she also did not share in the rental income, which had recently surpassed the monthly costs. Based on these factors and principles of equity, the judge determined that the plaintiff was owed $50,000 for the benefit she conferred on the defendants. The defendants have not shown this to be an abuse of discretion. See Bonina, supra, quoting Restatement (Second)

7

of Contracts § 371 comment a ("[t]o the extent that the benefit may reasonably be measured in different ways, the choice is within the discretion of the court").

Second, and without citing any legal authority, the defendants contend that the judgment should not have included prejudgment interest. The sole basis for this argument is that the judge's order for judgment mentioned prejudgment interest only with respect to the defendants' counterclaim. Based on this, the defendants assert that the judge did not make a "finding" that prejudgment interest was warranted on the plaintiff's unjust enrichment claim and so the judgment should be amended accordingly. This argument is meritless. Prejudgment interest is governed by statute, see G. L. c. 231, §§ 6B, 6C, and 6H, and "it is settled that claims for damages based in quantum meruit or unjust enrichment, both based in equity, are eligible for statutory prejudgment interest."

Brennan v. Ferreira, 102 Mass. App. Ct. 315, 319 (2023).  We see no error.[3]

Judgment affirmed.

By the Court (Vuono, Shin & Toone, JJ.[4]),

*Anne M. Thomas*

Assistant Clerk

Entered: May 9, 2024.

---

[3] The parties' requests for appellate attorney's fees, which specify no basis therefor, are denied.

[4] The panelists are listed in order of seniority.